(No. 47202

CHICAGO'S FINEST WORKERS COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Cozzi Iron and Metal, Inc., Appellee and Cross-Appellant.)

*Opinion filed September 26, 1975.*

Perz and McGuire, and James C. Serkland, of Chicago, for appellant.

William J. Catena, of Chicago, for appellee and cross-appellant.

MR. JUSTICE RYAN delivered the opinion of the court:

This appeal is from a judgment of the circuit court of Cook County confirming the decision of the Industrial Commission which had affirmed an award of the arbitrator to an employee, Gabe Payne, under the Workmen's Compensation Act. (Ill. Rev. Stat. 1971, ch. 48, par. 138.1 *et seq.*) The application for adjustment of claim filed by Payne named both Chicago's Finest Workers Company (Chicago's Finest) and Cozzi Iron and Metal, Inc. (Cozzi) as the employers. The decision of the arbitrator found that on the date of the injury the relationship of employer and employee existed between both respondents and Gabe Payne. The award was against both respondents, who sought review by the Industrial Commission and of the Commission's decision by the circuit court.

Chicago's Finest has appealed from the judgment of the circuit court, contending that it was a loaning employer as defined by section 1 (Ill. Rev. Stat. 1971, ch. 48, par. 138.1(a)(4)); that Cozzi was the borrowing employer and that Payne was injured in the employment of the borrowing employer. Chicago's Finest, relying on the statute referred to above, contends that the award should have been against Cozzi and that it is responsible for the payment of the benefits only if Cozzi does not pay. Cozzi contends that it did not have notice of the alleged accident within 45 days as required by statute. Ill. Rev. Stat. 1971, ch. 48, par. 138.6(c).

Chicago's Finest is in the business of furnishing

employees on a temporary basis to other employers. On January 12, 1972, Gabe Payne reported at Chicago's Finest place of business for work. Albert Warren, the owner, after receiving a request for workers from John Cozzi, sent Payne and another day laborer to Cozzi to work. This company's place of business was in the 3000 block on 26th Street in Chicago. When the workers arrived John Cozzi took them to a location off Lawndale Avenue where they were directed to sort scrap metal. At the end of the day John Cozzi signed the ticket which had been given to them when they were sent to the job, and the ticket was taken back to Chicago's Finest where they received their day's wages. While at work, Payne had inquired if Cozzi needed permanent workers. Cozzi indicated that he did and that he would let them know about the permanent job the next week. He told the men that he wanted them to return to the same location the next day. He said that he would be late for work, but they should report to the job site and begin sorting metal.

When Payne arrived at Chicago's Finest on January 13, the employee who had worked with him the previous day failed to appear, so Albert Warren sent another employee with Payne. He gave them a work ticket to take with them. They reported directly to the job site as Cozzi had directed and not to Cozzi's place of business. Because of the cold weather the other employee refused to work and sat in a shanty on the premises. Payne, who was wearing cloth gloves, sorted the metal for 2 to 3 hours breaking it loose from the frozen ground with other pieces of metal or prying it loose with his hands. John Cozzi arrived later and tried to start a crane to use in breaking loose frozen metal. When he could not get it started he requested Payne to continue to work. However, because of the cold, Payne asked John Cozzi to sign the ticket so that they could return. The temperature was below zero. John Cozzi refused to sign the ticket, and Payne called Warren, who told them to come back to Chicago's Finest and he

would pay them. When they returned Warren paid them and Payne went home. He arrived home before noon. Payne subsequently discovered that he had suffered frostbite, and portions of his fingers were amputated.

Although Payne did not personally notify Cozzi within the 45 days prescribed by the Act, Albert Warren of Chicago's Finest testified that on February 14, 1972, Payne came to his office and told him that he had suffered frostbite at Cozzi's and wanted medical attention. Warren stated he then called John Cozzi and told him that Payne had suffered frostbite at his place of business on January 13. Warren then referred Payne to a doctor. Cozzi presented no evidence to controvert this testimony, and the arbitrator and the Industrial Commission found that notice of the accident was given to the respondents within the time required by the Act. This finding was not against the manifest weight of the evidence and will not be disturbed. *Technical Tape Corp. v. Industrial Com.*, 58 Ill.2d 226; *Andronaco v. Industrial Com.*, 50 Ill.2d 251.

Chicago's Finest contends that under the provisions of section 1(a)(4) of the Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.1(a)(4)), Cozzi is primarily responsible for the payments of compensation to Payne. This section provides:

"Where an employer *** loans an employee to another such employer and such loaned employee sustains a compensable accidental injury in the employment of such borrowing employer and where such borrowing employer does not provide or pay the benefits or payments due such injured employee, such loaning employer is liable to provide or pay all benefits or payments due such employee under this Act and as to such employee the liability of such loaning and borrowing employers is joint and several, provided that such loaning employer is in the absence of agreement to the contrary entitled to receive from such borrowing employer full reimbursement for all sums paid or incurred pursuant to this paragraph ***.

* * *

An employer whose business or enterprise or a substantial part thereof consists of hiring, procuring or

furnishing employees to or for other employers operating under and subject to the provisions of this Act for the performance of the work of such other employers and who pays such employees their salary or wages notwithstanding that they are doing the work of such other employers shall be deemed a loaning employer within the meaning and provisions of this section."

Cozzi contends it was not Payne's employer because it did not have supervision, control and direction of Payne at the time of the injury. We do not agree. The evidence clearly establishes the contrary. Also, under the last paragraph of the quoted section of the Act, Chicago's Finest was plainly a loaning employer. The business of this company as established by the evidence consisted primarily of procuring and furnishing employees to other employers for the performance of the work of other employers, and the company paid the employee's wages notwithstanding that they were doing the work of such other employers. The evidence establishes without contradiction that under this section of the Act Chicago's Finest was a loaning employer and Cozzi was the borrowing employer.

The responsibility of loaning and borrowing employers is governed by the first paragraph of the quoted section of the Act. The award from which this appeal was taken is against both respondents, that is, it is a joint award which this court had held is appropriate only in cases of dual employment. (*Raymond Concrete Pile Co. v. Industrial Com.*, 37 Ill.2d 512.) Under the evidence in this case, to the extent that the award is a joint award, it is erroneous.

This section of the Act was considered by this court in *Albert Mojonnier, Inc. v. Industrial Com.*, 41 Ill.2d 128, which case presented a factual situation very similar to the one that we are now considering. In construing the use of the term "joint and several" in this section of the Act, the court concluded that the liability of the two respondents as to the petitioner is joint and several but as between the two employers the borrowing employer is primarily liable

and the loaning employer is secondarily liable. That opinion then suggested that the Commission should have ordered payment by the borrowing employer and payment by the loaning employer only in the event the borrowing employer failed to pay.

Under the Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.19(f)(2)) the court on review may confirm or set aside the decision of the Commission. If the decision is set aside and the facts found in the proceedings before the Commission are sufficient the court may enter such decision as is justified by law or may remand the cause to the Commission for further proceedings. In this case, although the evidence before the Commission admits of only one conclusion, that Chicago's Finest was a loaning employer and Cozzi was a borrowing employer, no finding on the question of loaning and borrowing employer was made by the Commission. The arbitrator's award found both respondents to be employers, and this was affirmed by the Commission. As the decision stands it suggests that the respondents were dual employers. This was error. The order for joint payments was likewise erroneous, and the decision of the Commission must therefore be set aside. The case must be remanded to the Industrial Commission with directions to find that Chicago's Finest was a loaning employer and that Cozzi was a borrowing employer. The order for payment of compensation should be that Cozzi pay the compensation to the petitioner; that Chicago's Finest pay the petitioner compensation in the event of Cozzi's failure to do so and in the event Chicago's Finest is compelled to pay it is entitled to receive from Cozzi full reimbursement from Cozzi as provided in section 1(a)(4) of the Act.

The judgment of the circuit court of Cook County is reversed and the cause is remanded to the Industrial Commission with directions to proceed in accordance with the provisions of this opinion.

*Reversed and remanded, with directions.*