ANTHONY WASIELEWSKI, Plaintiff-Appellant, v. THE HAVI CORPORATION, f/k/a The Perlman-Rocque Company, Defendant-Appellee.

Third District   No. 3—89—0003

Opinion filed September 7, 1989.

Bambrick & Bambrick, P.C., of Lemont (Thomas A. Bambrick, of counsel), for appellant.

Katten, Muchin & Zavis, of Chicago (Matthew B. Schiff, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

Anthony Wasielewski appeals from the summary judgment of the circuit court of Will County, holding that he is precluded by the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 *et seq.*) from recovering damages in a negligence action against the Havi Corporation, f/k/a the Perlman-Rocque Company (Perlman-Rocque). Wasielewski was hired by Operations Services Systems (OSS) to assist it in providing on-site maintenance and sanitation services to Perlman-Rocque, which is a food distribution company located in Lemont, Illinois. In the course of his employment, Wasielewski suffered an injury, and he obtained a workers' compensation award against OSS. Wasielewski then brought this common law negligence action against Perlman-Rocque. In response, Perlman-Rocque filed its affirmative defense and motion for summary judgment asserting that Wasielewski was a loaned employee and that he was, therefore, barred under the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 *et seq.*) from bringing such an action. After the circuit court of Will County granted Perlman-Rocque's motion for summary

judgment, Wasielewski brought this appeal, arguing that there exists a genuine issue of material fact regarding Wasielewski's status as a loaned employee, which should have precluded the circuit court's entering summary judgment. We affirm.

■ The Workers' Compensation Act provides that the right of an employee who is covered by its provisions to recover damages for an injury sustained in the line of his employment duties is limited to recovery under its provisions, thus precluding any common law or other statutory right to recover damages from the employer. (Ill. Rev. Stat. 1985, ch. 48, par. 138.5(a).) This limitation encompasses an employee's rights *vis-a-vis* either his lending (first) or his borrowing (second) employer. *Evans v. Abbott Products, Inc.* (1986), 150 Ill. App. 3d 845, 848, 502 N.E.2d 341, 344.

■ The issue in this case is whether Wasielewski's status as a loaned employee was properly decided as a matter of law. Ordinarily, the issue of loaned employee status is determined by inquiry into whether the second employer had the exclusive right to direct and control the manner in which the employee performed his work and whether there existed a contract of hire between that employer and employee. (See *A.J. Johnson Paving Co. v. Industrial Comm'n* (1980), 82 Ill. 2d 341, 348, 412 N.E.2d 477, 481; *Gundich v. Emerson-Comstock Co.* (1960), 21 Ill. 2d 117, 123, 171 N.E.2d 60, 63; *Merlo v. Public Service Co.* (1942), 381 Ill. 300, 320, 45 N.E.2d 665, 676.) Such inquiry is unnecessary, however, where it otherwise appears that a substantial part of the first employer's business involves "hiring, procuring or furnishing employees to or for other employers operating under and subject to the provisions of [the Workers' Compensation Act] for the performance of the work of such other employers and [paying] such employees their salary or wages notwithstanding that they are doing the work of such other employers ***." (Ill. Rev. Stat. 1985, ch. 48, par. 138.1(a)4.) Under such circumstances the Workers' Compensation Act provides that such an employer "shall be deemed a loaning employer within the meaning and provisions of" the Act. (Ill. Rev. Stat. 1985, ch. 48, par. 138.1(a)4.) It accordingly follows that under such circumstances the employer who receives an employee from such an employer is a "borrowing employer," and the subject employee is a "loaned employee" as a matter of law. *Evans*, 150 Ill. App. 3d at 847-49, 502 N.E.2d at 343-44.

■ In this case there is no question that OSS was in the business of "hiring, procuring or furnishing employees *** for the performance of the work of" other employers, including Perlman-Rocque. Wasielewski attempts to create a question of fact by his assertion that

OSS was not in the business of providing employees to other businesses, but rather in the business of providing services performed by OSS employees at various sites owned by other businesses. We conclude, however, that Wasielewski's assertion provides merely an alternative description for the same result, and fails, therefore, to create a question of fact.

Additionally, there is no question in this case that Perlman-Rocque is an employer operating under and subject to the provisions of the Workers' Compensation Act; nor is there any question that OSS paid employees, including Wasielewski, despite the fact that such employees were doing the work for other employers. Thus, it appears that, in this case, OSS is a loaning employer, Perlman-Rocque is a borrowing employer, and Wasielewski is a loaned employee as a matter of law, and the circuit court did not err, therefore, in deciding the case via summary judgment. We accordingly affirm the judgment of the circuit court of Will County.

Affirmed.

WOMBACHER, P.J., and SCOTT, J., concur.