SANBORN PLASTICS
CORPORATION, Plaintiff,

v.

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,
Defendant.

No. 1:90CV960.

United States District Court,
N.D. Ohio, E.D.

Aug. 2, 1990.

Paul J. Dolan, Thrasher, Dinsmore & Dolan, Chardon, Ohio, for plaintiff.

Jeffrey Chilton, Toledo, Ohio and Steven Kelley, Detroit, Mich., for defendant.

## MEMORANDUM OF OPINION AND ORDER DENYING DEFENDANT'S PETITION FOR REMOVAL AND OVERRULING PLAINTIFF'S MOTION TO REMAND

KRENZLER, District Judge.

The above captioned case was initiated by plaintiff, Sanborn Plastics Corporation ("Sanborn"), against defendant, St. Paul Fire and Marine Insurance Company ("St. Paul"), in the Court of Common Pleas, Geauga County, case No. 89 M 699 ("Current Action"). The Current Action is an action for declaratory judgment, pursuant to Chapter 2721 of the Ohio Revised Code and Rule 57 of the Ohio Rules of Civil Procedure, seeking to declare the rights and obligations of the parties under a multicover insurance policy as it relates to an action currently before this Court, entitled *United States of America v. Alvin F. Laskin, et al.,* civil action No. C84–2035Y ("Underlying Action"). The Current Action is a civil action between citizens of different states, plaintiff corporation having been incorporated under the laws of the State of Ohio and having its principal place of business in the County of Geauga, Ohio,

and defendant corporation having been incorporated under the laws of the State of Minnesota, having its principal place of business in the City of St. Paul, Minnesota, and being licensed to conduct insurance business in the State of Ohio by the Ohio Department of Insurance.

## I.

The undisputed facts are that St. Paul issued Sanborn a multicover insurance contract. Sanborn was sued as a third-party defendant to the Underlying Action, which was filed by the United States pursuant to the Comprehensive Environmental Response Compensation and Liability Act of 1980 ("Superfund Statute"). Plaintiff's amended complaint for declaratory judgment, served on December 5, 1989, did not state a specific amount in controversy; however, it did adopt and incorporate by reference the Underlying Action. St. Paul neither provided Sanborn with a defense nor agreed to indemnify Sanborn for any damages incurred as a result of the Underlying Action. As a result, Sanborn engaged independent counsel to represent it in the Underlying Action as well as in this action in which Sanborn is seeking both indemnification for any liability that it may incur from the Underlying Action and attorneys' fees for both actions. Following a status call, St. Paul received a letter from Sanborn on May 1, 1990 which proposed a settlement of $68,807.10. Subsequently, on May 25, 1990, St. Paul filed a petition to remove the Current Action, as of right, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b).

## II.

The diversity requirements of these statutes are met and are uncontested. Thus, the issues in the case at bar concern the requisite amount in controversy necessary to remove a case to federal district court, which is currently $50,000. Specifically, the first issue is whether the amount in controversy for an indemnification action involving the Superfund Statute is determined from the plaintiff's individual liability or from the entire clean up cost for which all participants are jointly and severally liable. The second issue is whether the pleadings of the Current Action contained sufficient information about the amount in controversy, such that a reasonably qualified attorney would or should have been able to determine, within the thirty-day discovery period, whether the amount in controversy of the Current Action was such that defendant could, in good faith, file a petition for removal to this Court. The last issue is whether an action may be removed based on an untimely petition for removal, which satisfies all other removal criteria.

## III.

The statutes regulating removal of a state action to federal district court in a diversity situation set forth explicit criteria and limitations. The requirements for diversity of citizenship and amount in controversy are stipulated in 28 U.S.C. 1332, rules governing removability are contained in 28 U.S.C. § 1441 [1] and the relevant procedure for removal is contained in 28 U.S.C. § 1446(b).[2]

■ The amount in controversy is a critical element in determining whether a fed-

**1.** 28 U.S.C. § 1441(a) states that "... any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States...."

**2.** 28 U.S.C. § 1446(b) states:
The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after days after the service of summons upon the defendant if

such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
If the case stated by the initial pleading is not removable, a notice may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except by section 1332 of this title or more than 1 year after commencement of the action.

eral district court has jurisdiction in a diversity action and should be specifically stated in the pleadings. However, in the absence of such a statement, the amount in controversy is determined by the "whole record." *Pinel v. Pinel*, 240 U.S. 594, 595, 36 S.Ct. 416, 60 L.Ed. 817 (1916).

■■ The Underlying Action was "incorporated by reference" into the Current Action. This Court agrees with the United States District Court of North Carolina which holds that to "incorporate a separate document by reference" is to declare that the former document shall be taken as part of the document in which the declaration is made, as much as if it were set out at length therein. *Booker v. Everhart*, 294 N.C. 146, 240 S.E.2d 360, 363 (1978). Thus, a reasonably qualified attorney would or should have known to consider the Underlying Action when assessing the amount in controversy of the Current Action.

■ The Underlying Action is based on the Superfund Statute, which deals with large scale waste clean up usually amounting to millions of dollars in liability. This statute also confers "joint and several" liability upon all defendants. 42 U.S.C. § 9607. Joint and several liability has been interpreted to mean "... each defendant is liable to the plaintiff for the whole of plaintiff's damages, except that the plaintiff may not collect, from all the defendants together, more than those damages." *Chicago's Finest Worker's Co. v. Industrial Commission*, 61 Ill.2d 340, 335 N.E.2d 434, 437 (1975). The Supreme Court of the United States, as early as 1881, set forth criteria for assessing liability with respect to the amount in controversy in the event of multiple defendants. *Russel v. Stansell*, 105 U.S. 303, 26 L.Ed. 989 (1881). Defendants charged separately with "several" amounts assessed against them may not be aggregated these to satisfy the requisite amount in controversy because "[t]here is no joint responsibility resting on them as a body." *Id.* 105 U.S. at 304. Thus, any reasonably qualified attorney would or should realize that the correllary of this holding indicates that the amounts in controversy for individual defendants are to be aggregated when assessing the requisite amount in controversy where there is joint responsibility resting on the defendants as a body. It is equally apparent that "joint and several liability" is a situation where such joint responsibility restson the defendants as a body. Therefore, regardless of how minute the individual's liability, each defendant is potentially liable for the entire clean-up cost. Thus, any third-party action for indemnification of a defendant's joint and several liability in an underlying action, which satisfies the amount in controversy, is removable to a federal district court. Therefore, the incorporation by reference of the Superfund Statute in the pleadings of an action can almost, as a matter of law, be considered notification that the amount in controversy is well in excess of $50,000. Thus, under the most objective standard, it is readily apparent that any reasonably qualified attorney would or should know that whenever an action is related to the Superfund Statute, the amount in controversy will virtually always exceed the requisite removal amount of $50,000. Consequently, provided diversity exists among the parties, a reasonably qualified attorney would conclude that the action would be readily removable.

### IV.

Defendant alleges that plaintiff's amended complaint for declaratory judgment did not contain sufficient information about the amount in controversy such that St. Paul could, in good faith, file a petition of removal. Further, defendant claims that it was not given sufficient information from which to determine that the amount in controversy until it received Sanborn's letter proposing a settlement of $68,807.10.

Although Sanborn failed to specifically allege an amount in controversy, it did adopt and incorporate the Underlying Action as part of the record. Hence, a reasonably qualified attorney would or should be put on notice to investigate the Underlying Action's affect on the amount in controversy of the Current Action. Further, upon proper investigation, a reasonably

qualified attorney would or should have deduced from the pleadings that the potential amount in controversy in the Current Action is in excess of $50,000 and filed a petition for removal within the thirty-day discovery period. Hence, defendant's petition for removal was untimely as it was after the thirty day discovery period had run.

## V.

Thus, the last issue is the effect of an untimely petition for removal. The concept of removal was developed as a solution to the situation of dual jurisdiction of state and federal courts. It offers the defendant thirty days to determine if dual jurisdiction exists and to choose, as of right, which court will hear the case. However, this right only exists for thirty days as stipulated in 28 U.S.C. § 1446(b). To allow the removal of a case to federal district court based on an untimely, though substantively valid, petition would completely emasculate the effect of the thirty-day limitation. Therefore, failure to comply with the thirty day limitation to file a petition for removal is an absolute bar regardless of whether the removal would have been proper if timely filed.

## VI.

Accordingly, the absence of a specific allegation as to the amount in controversy is not an absolute bar toward determining said amount. Notice that the amount in controversy of an action exceeds the requisite removal amount of $50,000 is satisfied when such knowledge can be determined by looking at the "whole record." An action adopted and incorporated by reference into a current action becomes part to the record and should be reviewed when determining the amount in controversy of the current action. Further, the requisite amount in controversy of an action seeking indemnification for a joint and several liability is determined by the total amount for which the party is potentially liable and not its individual liability. Thus, if the potential liability for which the indemnification is being sought satisfies the requisite removal amount, the action is removable, as of right, within thirty days of service of the pleadings. Failure to comply with the with the thirty day limitation is an absolute bar.

In the instant case, the amount in controversy is not specifically stated in plaintiff's amended complaint for declaratory judgment. However, since the Underlying Action was adopted and incorporated by reference into the record of the Current Action, a reasonably qualified attorney would or should have determined from the whole of the record, that the amount in controversy of the Current Action is in excess of $50,-000 and filed a timely petition for removal. Defendant's petition for removal is therefore untimely and without merit. While plaintiff did file a motion to remand, it is also untimely. It was filed in excess of thirty days after defendant's petition for removal and is barred pursuant to 28 U.S.C. § 1447(c).[3] Therefore, defendant's petiton for removal is denied, and plaintiff's motion to remand is overruled.

---

3.  28 U.S.C. § 1447(c) states:
    A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.