(No. 89-CC-2133—)

THEODORA BATEMON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed March 19, 1991.*

FRIEND, STEPONATE, LEVINSON & MERKEL, LTD., for Claimant.

ROLAND W. BURRIS, Attorney General (GREGORY ABBOTT, Assistant Attorney General, of counsel), for Respondent.

## ORDER

SOMMER, J.

This matter coming to be heard on the motion of Respondent to dismiss the Claimant's claim, due notice having been given the parties hereto, and the Court being fully advised in the premises, the Court finds:

That the Claimant, Theodora Batemon, brings the instant cause of action in tort seeking money damages for personal injuries incurred on January 9, 1987, while working at Chicago-Read Mental Health Center in Chicago, Illinois. Claimant suffered injuries as a result of a piece of ceiling tile falling and landing on her head.

That on January 9, 1987, the Claimant was employed by Chicago Temporaries, Inc. and was working

in the accounting department at Chicago-Read Mental Health Center which is operated by the Illinois Department of Mental Health and Developmental Disabilities.

That both Chicago Temporaries, Inc. and the State of Illinois are Claimant's employers under the Workers' Compensation Act. (Ill. Rev. Stat. 1987, ch. 48, par. 138.1.) Pursuant to Ill. Rev. Stat. 1987, ch. 48, par. 138.1(a)(4), Chicago Temporaries, Inc. is considered a loaning employer because it is "[A]n employer whose business or enterprise * * * consists of hiring, procuring or furnishing employees to or for other employers." The State of Illinois was the borrowing employer of Claimant Theodora Batemon on January 9, 1987.

That under Ill. Rev. Stat. 1987, ch. 48, par. 138.1(a)(4) "the liability [under the Workers' Compensation Act] of such loaning and borrowing employers is joint and several." Consequently, both Chicago Temporaries, Inc. and the State of Illinois are liable to the Claimant under the Workers' Compensation Act. See *Evans v. Abbott Products, Inc.* (1986), 150 Ill. App. 3d 845, 502 N.E.2d 341.

That the Workers' Compensation Act has an exclusivity provision, which states that an injured employee retains "[n]o common law or statutory right to recover damages from the employer * * * for injuries * * * sustained by an employee while engaged in the line of his duty as such employee, other than the compensation herein provided * * *." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 48, par. 138.5(a).

That consequently, the Claimant has no common law or statutory right to recover damages from the State of Illinois other than provided by the Workers'

Compensation Act. Therefore, the Claimant is precluded from bringing this action in tort against the State of Illinois in the Court of Claims. Since this honorable Court does not have subject matter jurisdiction over this matter, it must dismiss the Claimant's claim, with prejudice. See *Willis v. State of Illinois* (1982), 35 Ill. Ct. Cl. 381.

Therefore, it is ordered that Respondent's motion is hereby granted and that Claimant's claim is dismissed, with prejudice.