LARRY WILLFONG, Plaintiff-Appellant, v. DEAN EVANS COMPANY *et al.*, Defendants-Appellees.

Fourth District   No. 4—96—0888

Argued April 29, 1997.—Opinion filed May 8, 1997.

Henry A. Schmitt (argued), of Moos, Schmitt & O'Brien, of Peoria, for appellant.

Bruce E. Warren and Robert A. Hoffman (argued), both of Thomas, Mamer & Haughey, of Champaign, for appellees.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff Larry Willfong appeals from the entry of summary judgment in his personal injury action against defendants Eugene Ward and Dean Evans Company (Company), which effectively limited plaintiff's remedy for injuries sustained in the course of his employment with the University of Illinois to benefits available pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1994)). Plaintiff alleges that summary judgment was improper because genuine issues of fact exist with respect to whether Ward was a "loaned employee" within the meaning of the Act (820 ILCS 305/1(a)(4) (West 1994)), based on defendants' admission that Ward was employed by the Company and acting within the course and scope of his employment at the time of plaintiff's injury. We disagree and affirm.

■ Summary judgment is a drastic means of terminating litigation and is only to be granted when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 390-91, 620 N.E.2d 1073, 1077 (1993). In ruling on a motion for summary judgment, the circuit court construes all pleadings, depositions, affidavits, and admissions on file most strictly against the moving party. *In re Estate of Hoover*, 155 Ill. 2d 402, 410-11, 615 N.E.2d 736, 739-40 (1993). On appeal, review of the evidence of record is *de novo*. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102, 607 N.E.2d 1204, 1209 (1992). If what is contained in the pleadings and affidavits would have constituted all of the evidence before the court, and upon such evidence there would be nothing left to go to a jury such that the court would be required to direct a verdict, then summary judgment should be entered. *Fooden v. Board of Governors of State Colleges & Universities*, 48 Ill. 2d 580, 587, 272 N.E.2d 497, 500 (1971). The record in a summary judgment procedure is to be tested under the same standards as a directed verdict, *i.e.*, whether all the evidence, viewed in a light most favorable to the opponent, so overwhelmingly favors the movant that no other verdict would be permitted to stand. *Weber v. Northern Illinois Gas Co.*, 10 Ill. App. 3d 625, 635, 295 N.E.2d 41, 47 (1973).

Plaintiff was injured during the course and scope of his employment with the University of Illinois (University) when he was struck in the foot with the bucket from a backhoe operated by Ward on University property. Based on the depositions and affidavit attached to the motion for summary judgment, the following facts are not in dispute: (1) Ward was hired by the Company, a general contractor, to work exclusively at the University as a heavy equipment operator;

(2) the Company issues a weekly paycheck to Ward, less appropriate deductions, based upon the work he does at the University and the Company is reimbursed for those wages by the University plus a contractually required amount; (3) Ward reports directly to the University for work assignments and not to any employee of the Company; (4) the Company provides no tools or equipment for Ward to perform his work at the University; (5) the Company provides no direction of the work performed by Ward at the University; (6) the University and not the Company notifies Ward about the availability of work and sends him home when there is no work for him; and (7) Ward retired from employment with the University in 1991 and immediately began work for the Company, working exclusively at the University in the same capacity.

■ An employee in the general employment of one employer may be loaned to another for the performance of special work and become the employee of the employer to whom he is loaned while performing the special service; whether such transfer of employment occurs depends on the right of the borrowing employer to control the employee with respect to the work performed. *A.J. Johnson Paving Co. v. Industrial Comm'n*, 82 Ill. 2d 341, 346-47, 412 N.E.2d 477, 480 (1980). An employee in the general employment of one entity may be loaned to another for the performance of special work and become the employee of the entity to which he is loaned while performing the special services. *Bituminous Casualty Corp. v. Wilson*, 119 Ill. App. 3d 454, 459-60, 456 N.E.2d 696, 700 (1983). Although the existence of a loaned employee relationship is generally a question of fact, it becomes a question of law where the facts are undisputed and capable of only one inference. *Haight v. Aldridge Electric Co.*, 215 Ill. App. 3d 353, 366, 575 N.E.2d 243, 252 (1991). The fact that the employee does not receive his wages from the borrowing employer will not defeat the existence of a loaned employee relationship. *A.J. Johnson*, 82 Ill. 2d at 349, 412 N.E.2d at 481.

■ Section 5(a) of the Act contains the exclusive remedy provisions and provides in pertinent part:

> "No common law or statutory right to recover damages from the employer *** or the agents or employees of [the employer] for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act ***." 820 ILCS 305/5(a) (West 1994).

It has long been the law in Illinois that section 5(a) of the Act bars negligence claims against coemployees for injuries arising from or in the course of employment (*Jablonski v. Multack*, 63 Ill. App. 3d 908,

380 N.E.2d 924 (1978); *Sjostrom v. Sproule*, 33 Ill. 2d 40, 210 N.E.2d 209 (1965)), unless the injury was intentional (*Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 472, 564 N.E.2d 1222, 1230 (1990)).

In *Haight*, the plaintiff filed suit for injuries sustained by Kraemer in an automobile accident with defendant Trujillo, who was employed by Ald-Cass Electric, Inc. (Ald-Cass). The evidence indicated that, prior to and at the time of the accident, Ald-Cass had contracted Trujillo's labor to Aldridge Electric Company, Inc. (Aldridge). Ald-Cass paid Trujillo's wages but billed Aldridge for his time plus a premium. Trujillo took directions and instructions from the Aldridge foreman and worked on the Aldridge site. Trujillo operated Aldridge equipment at the jobsite and was driving a vehicle owned by Aldridge at the time of the accident. The appellate court affirmed the entry of a directed verdict in favor of Ald-Cass on the issue of whether Trujillo was its agent at the time of the accident, finding that Trujillo was a loaned servant and no longer an agent of Ald-Cass. *Haight*, 215 Ill. App. 3d at 367, 575 N.E.2d at 253.

In *Bituminous Casualty Corp.*, an action for declaratory judgment with facts similar to the case at bar, Wilson, an employee injured on the work site, brought suit against the Frisch Contracting Service Company (Frisch), the employer of the heavy-duty-equipment operator who had injured Wilson. The facts indicated that Wilson's employer had rented heavy equipment and an operator from Frisch. The Frisch operator took directions and instructions of how to perform certain job functions from Wilson's employer. Wilson's employer supervised the jobsite and told the Frisch operator when to go home. Frisch paid the operator's wages but Wilson's employer reimbursed Frisch. The court found the Frisch operator to be a loaned employee of Wilson's employer and Wilson's remedy was available only pursuant to the Act. *Bituminous Casualty Corp.*, 119 Ill. App. 3d at 460-61, 456 N.E.2d at 700-01.

■ The undisputed significant facts in this case are little different from those in *Bituminous* and clearly show Ward to be a loaned employee of the University within the meaning of the Act. Plaintiff's contention that an issue of fact sufficient to defeat summary judgment is created by defendants' admission that Ward was employed by the Company at the time of plaintiff's injury is without merit. Ward operated heavy equipment owned by the University on the University's jobsite. University personnel notified Ward about the availability or lack of work and Ward took directions and supervision only from University personnel. While the Company paid Ward's wages, it was reimbursed by the University under a cost-plus contractual arrangement. Ward performed the same tasks for the

University as he had prior to his retirement. Under such a scenario, Ward was a loaned employee of the University and a coemployee of plaintiff. Therefore, plaintiff is precluded from bringing a civil action against him pursuant to section 5(a) of the Act. Since Ward cannot be held liable to the plaintiff, the Company cannot be held liable to plaintiff under a *respondeat superior* theory. See *Smith v. Chicago Limousine Service, Inc.*, 109 Ill. App. 3d 755, 760-61, 441 N.E.2d 81, 85 (1982) (there can be no liability on the part of a principal under the *respondeat superior* doctrine unless the agent is also held liable).

The entry of summary judgment is affirmed.

Affirmed.

GARMAN and COOK, JJ., concur.