CHARLES LANPHIER, Plaintiff-Appellant, v. GILSTER-MARY LEE CORPORATION, Defendant-Appellee.

Third District   No. 3—01—0369

Opinion filed February 21, 2002.—Rehearing denied March 21, 2002.

Devon C. Bruce (argued), of Power, Rogers & Smith, P.C., of Chicago, for appellant.

802

Gary Nelson (argued), of Feirich, Mager, Green & Ryan, of Carbondale, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

Plaintiff Charles Lanphier filed this negligence action against defendant Gilster-Mary Lee Corporation (Gilster) to recover for injuries he received while working at a Gilster plant. Lanphier had been assigned to work at Gilster by a temporary employment agency named Defender Services (Defender). He was injured and permanently disabled his first day on the job at Gilster when he fell 30 feet down a manlift shaft.

The trial court relied on this court's prior decision in *Wasielewski v. Havi Corp.*, 188 Ill. App. 3d 340, 544 N.E.2d 116 (1989), to dimiss Lanphier's action under section 2—619 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2—619 (West 2000)) because it determined that Lanphier qualified as a loaned employee under the Workers' Compensation Act (Act) and thus was prohibited from pursuing a negligence claim against Gilster. See 820 ILCS 305/5(a) (West 2000). Lanphier appealed. We reverse and hold that a temporary worker's status as a loaned employee is a question of fact to be determined by the trier of fact. To the extent that our holding is inconsistent with this court's prior ruling in *Wasielewski*, *Wasielewski* is overturned.

The sole issue on appeal is whether the trial court properly determined that Lanphier was a loaned employee as a matter of law under the Workers' Compensation Act. Lanphier asserts that he was an employee of Defender, not Gilster, and is therefore not precluded under the Workers' Compensation Act from bringing a negligence action against Gilster.

■ Our standard of review is *de novo* on questions of law and dismissals under section 2—619 of the Civil Code (735 ILCS 5/2—619 (West 2000)). *Woods v. Cole*, 181 Ill. 2d 512, 693 N.E.2d 333 (1998); *Epstein v. Chicago Board of Education*, 178 Ill. 2d 370, 687 N.E.2d 1042 (1997).

■ The Workers' Compensation Act provides protection for workers for accidental workplace injuries by imposing liability without fault on the employer. See *Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 564 N.E.2d 1222 (1990). In return, the injured employee is prohibited from bringing a common law action against the employer. *Meerbrey*, 139 Ill. 2d at 462, 564 N.E.2d at 1225. Section 1(a)(4) of the Workers' Compensation Act (820 ILCS 305/1(a)(4) (West 2000)) extends the Act to employees who are on loan from one employer to another employer. When an employer lends an employee to a second employer and the employee is injured while performing duties for the

second employer, both employers are jointly and severally liable to the employee, regardless of which one carried workers' compensation coverage on the employee. 820 ILCS 305/1(a)(4) (West 2000); *Silica Sand Transport, Inc. v. Industrial Comm'n*, 197 Ill. App. 3d 640, 554 N.E.2d 734 (1990). Once a borrowed employment relationship exists, both employers share immunity for tort damages for an employee's work-related injuries and the employee's exclusive remedy is under the Act. See 820 ILCS 305/5(a) (West 2000); *Barraza v. Tootsie Roll Industries, Inc.*, 294 Ill. App. 3d 539, 690 N.E.2d 612 (1997).

■ Although the question of whether a borrowed employment relationship exists is generally a question of fact, section 1(a)(4) (820 ILCS 305/1(a)(4) (West 2000)) specifically defines an employer that is in the business of furnishing workers to other employers and who pays those workers even though they are doing the work of the second employer as a "loaning employer." See *Willfong v. Dean Evans Co.*, 287 Ill. App. 3d 1099, 679 N.E.2d 1252 (1997). Based on that definition, the *Wasielewski* court reasoned that if the first employer qualified as a loaning employer under section 1(a)(4) of the Act (820 ILCS 305/1(a)(4) (West 2000)), it logically followed that the second employer must be a borrowing employer and that the employee must be a loaned employee. See *Wasielewski*, 188 Ill. App. 3d at 342, 544 N.E.2d at 118. It therefore held that the employee was a loaned employee as a matter of law and that his exclusive remedy for a workplace injury was through the Workers' Compensation Act. See *Wasielewski*, 188 Ill. App. 3d at 342-43, 544 N.E.2d at 118; 820 ILCS 305/5(a) (West 2000).

Other courts have disagreed with the *Wasielewski* interpretation. In *Crespo v. Weber Stephen Products Co.*, 275 Ill. App. 3d 638, 656 N.E.2d 154 (1st Dist. 1995), after rejecting the reasoning set forth in *Wasielewski*, the court determined that an employee's status was a question of fact. In that case, a laborer assigned by a temporary employment agency to a second employer's shop was injured when his hand was crushed by a punch press. After settling a workers' compensation claim with the employment agency, the laborer filed a negligence action against the second employer. *Crespo*, 275 Ill. App. 3d at 640, 656 N.E.2d at 155. The court determined that the purpose of defining "loaning employer" in the Workers' Compensation Act was to establish the secondary liability of the loaning employer and to relieve the employee from having to establish the factual basis of employment with the loaning employer. *Crespo*, 275 Ill. App. 3d at 642, 656 N.E.2d at 157. The court also determined that the definition of "loaning employer" was not meant to define borrowing employers or loaned employees. *Crespo*, 275 Ill. App. 3d at 642, 656 N.E.2d at 157. Instead, the court employed the traditional two-prong analysis used in *A.J.*

*Johnson Paving Co. v. Industrial Comm'n*, 82 Ill. 2d 341, 412 N.E.2d 477 (1980), to determine whether the employee was a "loaned employee" and limited to recovery under the Workers' Compensation Act. The first prong examined whether the second employer had the right to direct and control the employee. The second prong asked whether an employment contract, express or implied, existed between the employee and the second employer. *Crespo*, 275 Ill. App. 3d at 641, 656 N.E.2d at 156.

More recently, the court in *Chaney v. Yetter Manufacturing Co.*, 315 Ill. App. 3d 823, 734 N.E.2d 1028 (4th Dist. 2000), followed the reasoning set forth in *Crespo* and determined that a machinist who was injured while on assignment by an employment agency to a manufacturing plant was a loaned employee under the two-prong analysis used in *Crespo*. The court rejected the assumption that the statutory definition of a loaning employer automatically established as a matter of law the statuses of borrowing employer and loaned employee and applied the *Crespo* two-prong analysis. *Chaney*, 315 Ill. App. 3d at 828, 734 N.E.2d at 1032.

■ We find the reasoning in *Crespo* and *Chaney* persuasive and hold that an employee's status is a question of fact to be determined by the trier of fact. Section 1(a)(4) of the Workers' Compensation Act (820 ILCS 305/1(a)(4) (West 2000)) does not define loaned employee. We believe the two-prong analysis set forth in *Crespo* is the appropriate test and the status of an employee's relationship with its employer should be made by applying the *Crespo* analysis. Accordingly, we reverse the trial court's decision granting Gilster's motion to dismiss and remand for a determination of Lanphier's status at the time of the accident based on the two-prong analysis. To the extent that *Wasielewski* is inconsistent with this opinion, it is overturned.

For the foregoing reasons, the judgment of the circuit court of Kankakee County is reversed and this action is remanded to the circuit court for further hearings consistent with this opinion.

Reversed and remanded.

LYTTON, P.J., and SLATER, J., concur.