No. 3--01--0369
 _________________________________________________________________

 IN THE APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2002

CHARLES LANPHIER, ) Appeal from the Circuit Court
 Plaintiff-Appellant ) for the 21st Judicial Circuit,
 ) Kankakee
 County, Illinois
 )
 v. ) No. 99--L--133
 )
GILSTER-MARY LEE CORPORATION, ) Honorable
 Defendant-Appellee. ) Fred S. Carr, Jr.
 ) Judge, Presiding
 _______________________________________________________________

 JUSTICE BRESLIN delivered the opinion of the court:
_________________________________________________________________

 Petitioner Stanley Lanphier filed this negligence action against
respondent Gilster-Mary Lee Corporation (Gilster) to recover for injuries
he received while working at a Gilster plant. Lanphier had been assigned
to work at Gilster by a temporary employment agency named Defender
Services. He was injured and permanently disabled his first day on the job
at Gilster when he fell 30 feet down a manlift shaft.
 The trial court relied on this court's prior decision in Wasielewski
v. Havi Corp., 188 Ill. App. 3d 340, 544 N.E.2d 116 (3rd Dist. 1989) to
dimiss Lanphier's action under section 2-619 of the Code of Civil Procedure
(Civil Code) (735 ILCS 5/2-619) (West 2000)) because it determined that
Lanphier qualified as a loaned employee under the Workers' Compensation Act
(Act) and thus was prohibited from pursuing a negligence claim against
Gilster. See 820 ILCS 305/5(a) (West 2000)). Lanphier appealed. We
reverse and hold that a temporary worker's status as a loaned employee is a
question of fact to be determined by the trier of fact. To the extent that
our holding is inconsistent with this court's prior ruling in Wasielewski,
Wasielewski is overturned.
 The sole issue on appeal is whether the trial court properly
determined that Lanphier was a loaned employee as a matter of law under the
Workers' Compensation Act. Lanphier asserts that he was an employee of
Defender, not Gilster, and is therefore not precluded under the Workers'
Compensation Act from bringing a negligence action against Gilster.
 Our standard of review is de novo on questions of law and dismissals
under section 2-619 of the Civil Code (735 ILCS 5/2-619 (West 2000)). Woods
v. Cole, 181 Ill. 2d 512, 693 N.E.2d 333 (1998); Epstein v. Chicago Board
of Education, 178 Ill. 2d 370, 687 N.E.2d 1042 (1997).
 The Workers' Compensation Act provides protection for workers for
accidental workplace injuries by imposing liability without fault on the
employer. See Meerbrey v. Marshall Field & Co., 139 Ill. 2d 455, 564
N.E.2d 1222 (1990). In return, the injured employee is prohibited from
bringing a common law action against the employer. Meerbrey, 139 Ill. 2d at
462, 564 N.E.2d at 1225. Section 1(a)(4) of the Workers' Compensation Act
(820 ILCS 305/1(a)(4) (West 2000)) extends the Act to employees who are on
loan from one employer to another employer. When an employer lends an
employee to a second employer and the employee is injured while performing
duties for the second employer, both employers are jointly and severally
liable to the employee, regardless of which one carried workers'
compensation coverage on the employee. 820 ILCS 305/1(a)(4) (West 2000);
Silica Sand Transport, Inc. v. Industrial Comm'n, 197 Ill. App. 3d 640, 554
N.E.2d 734 (1990). Once a borrowed employment relationship exists, both
employers share immunity for tort damages for an employee's work-related
injuries and the employee's exclusive remedy is under the Act. See 820
ILCS 305/5(a) (West 2000); Barraza v. Tootsie Roll Industries, Inc., 294
Ill. App. 3d 539, 690 N.E.2d 612 (1997).
 Although the question of whether a borrowed employment relationship
exists is generally a question of fact, section 1(a)(4) specifically
defines an employer that is in the business of furnishing workers to other
employers and who pays those workers even though they are doing the work of
the second employer as a "loaning employer." See Willfong v. Dean Evans
Co., 287 Ill. App. 3d 1099, 679 N.E.2d 1252 (1997);. Based on that
definition, the Wasielewski court reasoned that if the first employer
qualified as a loaning employer under section 1(a)(4) of the Act (820 ILCS
305/1(a)(4) (West 2000)), it logically followed that the second employer
must be a borrowing employer and that the employee must be a loaned
employee. See Wasielewski, 188 Ill. App. 3d at 342, 544 N.E.2d at 118. It
therefore held that the employee was an loaned employee as a matter of law
and that his exclusive remedy for a workplace injury was through the
Workers' Compensation Act. See Wasielewski, 188 Ill. App. 3d at 342-43,
544 N.E.2d at 118; 820 ILCS 305/5(a) (West 2000).
 Other courts have disagreed with the Wasielewski interpretation. In
Crespo v. Weber Stephen Products, Co., 275 Ill. App. 3d 638, 656 N.E.2d 154
(1st Dist. 1995), after rejecting the reasoning set forth in Wasielewski,
the court determined that an employee's status was a question of fact. In
that case, a laborer assigned by a temporary employment agency to a second
employer's shop was injured when his hand was crushed by a punch press.
After settling a workers' compensation claim with the employment agency,
the laborer filed a negligence action against the second employer. Crespo,
275 Ill. App. 3d at 640, 656 N.E.2d at 155. The court determined that the
purpose of defining "loaning employer" in the Workers' Compensation Act was
to establish the secondary liability of the loaning employer and to relieve
the employee from having to establish the factual basis of employment with
the loaning employer. Crespo, 275 Ill. App. 3d at 642, 656 N.E.2d at 157.
The court also determined that the definition of "loaning employer" was not
meant to define borrowing employers or loaned employees. Crespo, 275 Ill.
App. 3d at 642, 656 N.E.2d at 157. Instead, the court employed the
traditional two-prong analysis used in A.J. Johnson Paving Co. v.
Industrial Comm'n., 82 Ill. 2d 341, 412 N.E.2d 477 (1980) to determine
whether the employee was a "loaned employee" and limited to recovery under
the Workers' Compensation Act. The first prong examined whether the second
employer had the right to direct and control the employee. The second
prong asked whether an employment contract, express or implied, existed
between the employee and the second employer. Crespo, 275 Ill. App. 3d at
641, 656 N.E.2d at 156.
 More recently, the court in Chaney ex rel. Chaney v. Yetter
Manufacturing Co., 315 Ill. App. 3d 823, 734 N.E.2d 1028 (4th Dist. 2000)
followed the reasoning set forth in Crespo and determined that a machinist
who was injured while on assignment by an employment agency to a
manufacturing plant was a loaned employee under the two-prong analysis used
in Crespo. The court rejected the assumption that the statutory definition
of a loaning employer automatically established as a matter of law the
statuses of borrowing employer and loaned employee and applied the Crespo
two-prong analysis. Chaney, 315 Ill. App. 3d at 828, 734 N.E.2d at 1032.
 We find the reasoning in Crespo and Chaney persuasive and hold that
an employee's status is a question of fact to be determined by the trier of
fact. Section 1(a)(4) of the Workers' Compensation Act (820 ILCS
305/1(a)(4) (West 2000)) does not define loaned employee. We believe the
two-prong analysis set forth in Crespo is the appropriate test and the
status of an employee's relationship with its employer should be made by
applying the Crespo analysis. Accordingly, we reverse the trial court's
decision granting Gilster's motion to dismiss and remand for a
determination of Lanphier's status at the time of the accident based on the
two-prong analysis. To the extent that Wasielewski is inconsistent with
this opinion, it is overturned.
 For the foregoing reasons, the judgment of the circuit court
of Kankakee County is reversed and remanded to the circuit court for
further hearings consistent with this opinion.
 Reversed and remanded.
 LYTTON, P.J., and SLATER, J., concur.