(No. 69652.—

KENNETH A. MEERBREY, Appellant, v. MARSHALL FIELD AND COMPANY, INC., *et al.*, Appellees.

*Opinion filed November 30, 1990.*

456

458

Thomas P. Cernek and Mark H. Barinholtz, both of Chicago, for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Douglas L. Prochnow and Mark P. Miller, of counsel), for appellees.

JUSTICE WARD delivered the opinion of the court:

The plaintiff, Kenneth Meerbrey, brought an action in the circuit court of Cook County against the defendants, Marshall Field & Company (Marshall Field) and its agent, Tim Marcolini, seeking injunctive relief and monetary damages for false imprisonment, false arrest, and malicious prosecution. The trial court dismissed Marshall Field from counts II through V of the plaintiff's complaint, on the ground that the exclusivity provisions of the Workers' Compensation Act (Ill. Rev. Stat. 1987, ch. 48, par. 138.5(a)) barred the plaintiff's common law cause of action. The trial court also dismissed defendant Marcolini from counts III through V of the complaint for failure to allege sufficient facts to state a cause of action

(Ill. Rev. Stat. 1987, ch. 110, par. 2—615). The appellate court affirmed the dismissal of Marshall Field from counts II through V of the complaint and the dismissal of Marcolini from count V of the complaint, but reversed the trial court's dismissal of Marcolini from counts III and IV of the complaint. (189 Ill. App. 3d 1085.) We allowed the plaintiff's petition for leave to appeal (107 Ill. 2d R. 315(a)).

According to the allegations in the pleadings, Marshall Field employed the plaintiff as a part-time cashier and defendant Marcolini as a security guard. On January 19, 1985, the plaintiff was summoned to the security offices of Marshall Field, where he was questioned by Marcolini regarding the alleged theft of approximately $600 from Marshall Field. During this interview, the plaintiff took a polygraph test and ultimately signed a restitution form and promissory note regarding the theft. Thereafter, the plaintiff paid Marshall Field $500 under the terms of the note.

On February 12, 1985, the plaintiff returned to Marshall Field for the purpose of obtaining his payroll check for past earnings. According to the allegations in the complaint, the plaintiff was arrested and forcibly taken to security offices by defendant Marcolini and other security personnel. Marshall Field and its agents then summoned members of the Chicago police department, who took the plaintiff into custody, escorted him through the store in handcuffs and transported him to police headquarters. The complaint also alleged that Marshall Field, through its agent, Rochella Davis, filed a criminal complaint charging the plaintiff with criminal trespass. The plaintiff alleged that he was placed on trial for that offense and that the trial culminated in his favor.

The plaintiff subsequently filed a complaint in the circuit court of Cook County against Marshall Field and Marcolini alleging various causes of action. Count I of

the plaintiff's original complaint sought to enjoin Marshall Field and Marcolini from ejecting plaintiff from Marshall Field's store. The circuit court dismissed this count and this dismissal was later affirmed on appeal. (169 Ill. App. 3d 1014.) Count II of the plaintiff's complaint alleged that Marshall Field and Marcolini falsely imprisoned him on January 19, 1985, and sought compensatory and punitive damages for the anguish, anxiety, hunger and thirst, fear and humiliation he was caused to suffer. Counts III through V of the plaintiff's complaint, which related to the events on February 12, 1985, alleged that Marshall Field and Marcolini were liable for false imprisonment (count III), false arrest (count IV), and malicious prosecution (count V), and sought compensatory and punitive damages from both defendants. As stated, the trial court dismissed Marshall Field from counts II through V of the plaintiff's complaint, on the ground that they were barred by the exclusivity provisions of the Workers' Compensation Act (Ill. Rev. Stat. 1987, ch. 48, par. 138.5(a)). The trial court also dismissed defendant Marcolini from counts III through V of the complaint for failure to allege sufficient facts to state a cause of action. (Ill. Rev. Stat. 1987, ch. 110, par. 2–615.) The appellate court affirmed the dismissal of Marshall Field from counts II through V of the complaint and the dismissal of Marcolini from count V of the complaint, but reversed the trial court's dismissal of Marcolini from counts III and IV of the complaint.

Three issues are presented for review: (1) whether an employee who is injured as a result of the intentional conduct of a co-employee is barred by the exclusivity provision of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1987, ch. 48, par. 138.5) from maintaining a common law action against his employer; (2) whether an employee who is injured as a result of the intentional conduct of a co-employee acting within the scope of his

employment may maintain a common law action against that co-employee; and (3) whether counts III through V of the complaint adequately state a cause of action against Marcolini for false imprisonment, false arrest, and malicious prosecution.

We first consider whether, assuming counts II through V state a cause of action against Marshall Field, such counts are nevertheless barred by the exclusivity clauses of the Workers' Compensation Act (Ill. Rev. Stat. 1987, ch. 48, par. 138.1 *et seq.*). The Workers' Compensation Act is designed to provide financial protection to workers for accidental injuries arising out of and in the course of employment. (See *Pathfinder Co. v. Industrial Comm'n* (1976), 62 Ill. 2d 556.) Accordingly, the Act imposes liability without fault upon the employer and, in return, prohibits common law suits by employees against the employer. The exclusive remedy provision "is part of the *quid pro quo* in which the sacrifices and gains of employees and employers are to some extent put in balance, for, while the employer assumes a new liability without fault, he is relieved of the prospect of large damage verdicts." (2A A. Larson, Law of Workmen's Compensation §65.11 (1988).) Section 5(a) of the Act states:

> "No common law or statutory right to recover damages from the employer *** or the agents or employees of *** [the employer] for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, ***." (Ill. Rev. Stat. 1987, ch. 48, par. 138.5(a).)

Section 11 of the Act also states:

> "The compensation herein provided, together with the provisions of this Act, shall be the measure of the responsibility of any employer *** for accidental injuries sus-

tained by any employee arising out of and in the course of the employment according to the provisions of this Act ***." (Ill. Rev. Stat. 1987, ch. 48, par. 138.11.)

These sections bar an employee from bringing a common law cause of action against his or her employer unless the employee-plaintiff proves: (1) that the injury was not accidental; (2) that the injury did not arise from his or her employment; (3) that the injury was not received during the course of employment; or (4) that the injury was not compensable under the Act. *Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 237.

The plaintiff does not challenge that his injuries arose out of and in the course of his employment. He does claim, however, that the first and fourth exceptions to the exclusivity rule apply here. The plaintiff first contends that he is not barred from bringing a common law cause of action against Marshall Field because his injuries were not "accidental" within the meaning of the Act. This court has determined that the term "accidental" in the Act is not " 'a technical legal term but encompasses anything that happens without design or an event which is unforeseen by the person to whom it happens.' " (*Pathfinder Co. v. Industrial Comm'n* (1976), 62 Ill. 2d 556, 563, quoting *International Harvester Co. v. Industrial Comm'n* (1973), 56 Ill. 2d 84, 88.) Thus, injuries inflicted intentionally upon an employee by a co-employee are "accidental" within the meaning of the Act, since such injuries are unexpected and unforeseeable from the injured employee's point of view. (See *Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 238.) Such injuries are also accidental from the employer's point of view, at least where the employer did not direct or expressly authorize the co-employee to commit the assault. Because injuries intentionally inflicted by a co-worker are accidental from the employer's point of view, the employer has a right to consider that the injured em-

ployee's sole remedy against the employer will be under the workers' compensation statute. 2A A. Larson, Law of Workmen's Compensation §68.21 (1988); see *Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 239 (employee barred by the exclusivity provisions of the Act from suing his employer for the intentional infliction of emotional distress, based upon the company nurse's failure to provide medical assistance to the employee after he suffered a heart attack, where the employer did not direct, encourage or commit an intentional tort).

The exclusivity provisions will not bar a common law cause of action against an employer, however, for injuries which the employer or its alter ego intentionally inflicts upon an employee or which were commanded or expressly authorized by the employer. (2A A. Larson, Law of Workmen's Compensation §68.21 (1988); see *Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 239-40.) The rationale advanced in support of this rule is that the employer should not be permitted to assert that the injury was "accidental," and therefore under the exclusive provisions of the Act, when he himself committed the act. *Jablonski v. Multack* (1978), 63 Ill. App. 3d 908; 2A A. Larson, Law of Workmen's Compensation §68.21 (1988).

The trial court here determined that the plaintiff's complaint did not allege that Marcolini was the alter ego of Marshall Field or that Marshall Field committed, commanded or expressly authorized Marcolini's actions. Accordingly, the court held that the plaintiff's common law cause of action against Marshall Field was barred by the exclusivity provisions of the Act and dismissed Marshall Field from counts II through V of the complaint. Although the trial court gave the plaintiff the opportunity to amend his complaint to add allegations, in good faith, that Marshall Field had somehow expressly authorized, commanded or committed an intentional tort, the plain-

tiff elected to stand on the pleadings as submitted and to appeal the trial court's determination.

The plaintiff argues that his complaint sufficiently alleges that Marshall Field expressly authorized defendant Marcolini's actions. As support for this claim, the plaintiff points out that his complaint alleges that Marcolini was acting within the scope of his authority as Marshall Field's agent and employee at the time he committed the alleged torts against the plaintiff. He also claims that the appellate court decision affirming the dismissal of his complaint conflicts with the decision in *Sunseri v. Puccia* (1981), 97 Ill. App. 3d 488, which held that an allegation that an employee committed an intentional tort within the scope of his employment is sufficient to raise a jury question as to the employer's liability.

We agree with the defendant, however, that an allegation that Marcolini was acting within the scope of his authority is not equivalent to an allegation that Marshall Field expressly authorized Marcolini to commit the specific acts in question. By alleging that Marcolini was acting within the scope of his employment, the plaintiff seeks to impose liability upon Marshall Field under the principle of *respondeat superior*. This court held in *Collier*, however, that unless an employer has committed, commanded or expressly authorized an assault against an employee, it should not be forced to defend against a common law action seeking damages for such an assault. (*Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 239; accord *Jablonski v. Multack* (1978), 63 Ill. App. 3d 908.) *Collier* implicitly decided that the Act's exclusivity provisions bar employees from bringing common law actions against their employers based solely upon the doctrine of *respondeat superior*. See 2A A. Larson, Law of Workmen's Compensation §68.21 (1988).

The legal justification for allowing a common law cause of action against an employer who personally com-

mits an intentional tort does not apply where a plaintiff-employee seeks to impose liability upon his or her employer solely under the principle of *respondeat superior*. As Professor Larson explained:

> "The legal reason for permitting the common-law suit for direct assault by the employer *** is that the same person cannot commit an intentional assault and then allege it was accidental. This does not apply when the assailant and the defendant are two entirely different people. Unless the employer has commanded or expressly authorized the assault, it cannot be said to be intentional from his standpoint any more than from the standpoint of any third person. Realistically, it to him is just one more industrial mishap in the factory, of the sort he has the right to consider exclusively covered by the compensation system." (2A A. Larson, Law of Workmen's Compensation §68.21 (1988).)

The plaintiff mistakenly relies upon the decision in *Sunseri v. Puccia* (1981), 97 Ill. App. 3d 488, as authority for the contention that the allegations in his complaint are sufficient to raise a jury question regarding the employer's liability. *Sunseri* held that an employer may be liable under the doctrine of *respondeat superior* when an employee commits an intentional tort within the scope of his employment. The plaintiff in *Sunseri*, however, was the defendant-employer's customer and the exclusivity provisions of the Workers' Compensation Act were not at issue. Here, on the other hand, the plaintiff is an employee who seeks to bring suit against his employer. The exclusivity provisions bar the action because the plaintiff has not alleged that Marshall Field commited, or expressly authorized its agent to commit, an intentional tort upon the plaintiff.

The facts here are distinguishable from *Barnes v. Chrysler Corp.* (N.D. Ill. 1946), 65 F. Supp. 806, upon which the plaintiff relies. In *Barnes*, company guards assaulted and imprisoned employees who were attempting

to submit grievances to the corporation's management. The court held that the employees' cause of action was not barred by the exclusivity provisions of the Act, because the employer intended and directed the guards to use false imprisonment and assault as a means of resolving the labor dispute. Here, on the other hand, there is no allegation that Marshall Field directed Marcolini to commit the acts in question. See also *Smith v. Rich's, Inc.* (1961), 104 Ga. App. 883, 123 S.E.2d 316 (where exclusivity provisions did not bar false imprisonment claim where plaintiff alleged that her co-employees imprisoned her "at the insistence and direction of the employer"); *Handley v. Unarco Industries, Inc.* (1984), 124 Ill. App. 3d 56 (exclusivity provisions did not bar plaintiff's suit where allegation that employer knew the dangers of asbestos and intended to kill employees satisfied the requirement that the employer expressly authorized the intentional tort).

The plaintiff also argues for the first time on this appeal that the exclusivity provisions do not bar his common law action against Marshall Field because his injuries are not compensable under the Act. The plaintiff notes that no Illinois decision has yet held that injuries arising from false imprisonment, false arrest and malicious prosecution are compensable under the Act.

The plaintiff has waived this claim, by failing to raise it in the trial court. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 222; *George W. Kennedy Construction Co. v. City of Chicago* (1986), 112 Ill. 2d 70, 77.) Furthermore, the plaintiff cites no authority for his claim that the injuries he suffered are not compensable under the Workers' Compensation Act. While our courts have not yet considered whether emotional distress which an employee allegedly suffers as a consequence of false imprisonment, false arrest or malicious prosecution is compensable under the Act, our decisions have held that the Act

covers injuries similar to those alleged here. In *Pathfinder Co. v. Industrial Comm'n* (1976), 62 Ill. 2d 556, our court held that an employee who suffered a sudden, severe emotional shock after witnessing the injury of a co-employee could recover under the Act, even though no physical trauma or injury was sustained. Similarly, in *Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, our court held that emotional distress, including emotional distress intentionally inflicted by a co-employee, is compensable under the Act. The plaintiff offers no principled basis for distinguishing between the emotional injuries which he allegedly suffered in the course of his employment, and those deemed compensable in *Pathfinder* and *Collier*.

We note that our research has disclosed several decisions from other jurisdictions which held that injuries suffered as a result of false imprisonment and malicious prosecution are not compensable under workers' compensation laws. See *Moore v. Federal Department Stores, Inc.* (1971), 33 Mich. App. 556, 190 N.W.2d 262 (the humiliation, embarrassment and deprivation of personal liberty allegedly suffered by plaintiff employee as a result of being falsely imprisoned by employer, were not the type of "personal injury" covered by the workers' compensation laws); *Redican v. K Mart Corp.* (Mo. App. 1987), 734 S.W.2d 864, 869 (false imprisonment claim not barred by workers' compensation statute); *Iverson v. Atlas Pacific Engineering* (1983), 143 Cal. App. 3d 219, 191 Cal. Rptr. 696 (common law action against employer was not barred where plaintiff's injuries arising from false imprisonment, battery and rape were found noncompensable in a workers' compensation proceeding).

As stated, the plaintiff did not cite these decisions and attempt to reconcile them with our holdings in *Collier* or *Pathfinder*. In view of the plaintiff's waiver of the issue in the trial court and his failure to develop the

issue in this appeal, we decline to consider whether the emotional injuries the plaintiff allegedly suffered differ from those deemed compensable in *Collier* and *Pathfinder*. (*Spinelli v. Immanuel Lutheran Evangelical Congregation, Inc.* (1987), 118 Ill. 2d 389, 400-01 (an issue may be waived in the supreme court by failing to adequately brief or argue the issue there); see also 107 Ill. 2d R. 341(e)(7).) Accordingly, we affirm the dismissal of Marshall Field from counts II through V of the plaintiff's complaint, and hold that the plaintiff is barred by the exclusivity provisions of the workers' compensation statute from pursuing a common law action against Marshall Field.

We must also consider whether the exclusivity provisions of the Act bar the plaintiff's common law cause of action against Marcolini. The majority of jurisdictions, either by statute or by judicial decision, bar employees from bringing common law tort actions against co-employees for injuries negligently inflicted by co-employees in the course of their employment. (See 2A A. Larson, Law of Workmen's Compensation §72.21, at 14—92 n.23 (and decisions cited therein).) Illinois is in the majority. *Rylander v. Chicago Short Line Ry. Co.* (1959), 17 Ill. 2d 618 (the Workers' Compensation Act prohibits common law negligence actions by employees against co-employees for injuries occurring in the course of employment); *Sjostrom v. Sproule* (1965), 33 Ill. 2d 40 (employee could not bring common law cause of action against co-employee for injuries resulting from the co-employee's wanton and willful negligence); see also *Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 241.

Our courts have determined that the purpose of workers' compensation is to place the cost of industrial accidents upon the industry. That purpose would be thwarted if the cost of those accidents was shifted from one employee to another employee within the industry.

*Rylander v. Chicago Short Line Ry. Co.* (1959), 17 Ill. 2d 618, 628; see also *Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 241; *Sjostrom v. Sproule* (1965), 33 Ill. 2d 40.

The plaintiff here, however, brings an action for injuries suffered, it is claimed, as a result of his co-employee's intentional torts, rather than for injuries that the co-employee negligently inflicted. (See *Lopez v. Winchell's Donut House* (1984), 126 Ill. App. 3d 46 (actual intent to restrain is an essential element of false imprisonment); *Ritchey v. Maksin* (1978), 71 Ill. 2d 470, 475 (malice is an essential element of malicious prosecution).) The courts are divided on the question of whether the exclusive remedy provisions of the Act immunize employees from liability for intentional torts inflicted upon co-employees. In most jurisdictions, employees are liable, either by statute or by judicial decision, for intentional torts inflicted upon fellow workers. (See 2A A. Larson, Law of Workmen's Compensation §72.21, at 14—92 nn.23 to 23.9 (and cases cited therein).) The rationale for holding employees liable for intentional torts inflicted upon fellow workers is that the socially beneficial purpose of the workers' compensation law would not be furthered by allowing a person who commits an intentional tort to use the compensation law as a shield against liability. (See 2A A. Larson, Law of Workmen's Compensation §72.21, at 14—92 nn.23 to 23.9 (and cases cited therein); *Bryan v. Utah International* (Utah 1975), 533 P.2d 892, 894.) Furthermore, an employee who intentionally assaults a fellow worker cannot claim that the injury was "accidental" or shift his liability to a fund paid from employers' premiums as a means of spreading the costs of workplace hazards.

Other jurisdictions have rejected this reasoning and hold that an employee is barred from bringing a common law action against a co-employee for intentional torts

which arise out of and within the course of employment. (See 2A A. Larson, Law of Workmen's Compensation §72.21, at 14—73 through 14—81 (and decisions cited).) These courts hold that the co-employee immunity rule is consistent with the purpose of worker's compensation statutes, which is to place the costs of industrial hazards, including the risk that one employee will intentionally interfere with another employee's legal interests, upon the industry. (*Kandt v. Evans* (Colo. 1982), 645 P.2d 1300, 1305; *Gallegos v. Chastain* (1981), 95 N.M. 551, 624 P.2d 60.) Even those jurisdictions which follow this rule, however, limit co-employee immunity for intentional torts to injuries sustained when both employees are acting within the course of employment. See, *e.g., Kandt v. Evans* (Colo. 1982), 645 P.2d 1300, 1305; *Gallegos v. Chastain* (1981), 95 N.M. 551, 624 P.2d 60.

Our court has not yet addressed the question whether an employee may bring an action for damages against his co-employee for injuries suffered as a consequence of the co-employee's intentional tort. Although the issue was raised in *Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 241, the court did not decide the question because the injured employee had already collected compensation from his employer under the Act. The court determined that an injured employee who collects compensation on the premise that his injuries were accidental, and therefore compensable under the Act, cannot thereafter claim that his injuries were intentionally inflicted and outside the Act's provisions. (*Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 241; accord *Fregeau v. Gillespie* (1983), 96 Ill. 2d 479; 2A A. Larson, Law of Workmen's Compensation §68.12, at 13—9 n.9.) Because there is no allegation or evidence that the plaintiff here obtained compensation for his injuries under the Act, the holding in *Collier* does not bar the plaintiff from bringing this action.

Although this court has not decided the question, the appellate court in *Jablonski v. Multack* (1978), 63 Ill. App. 3d 908, determined that section 5(a) of the Act does not bar an employee from bringing a common law cause of action against a fellow worker for intentional torts committed by the fellow worker. As support for this conclusion, the court stated:

"[t]he socially beneficial purpose of the workmen's compensation law was not meant to permit a person who commits an intentional tort to use the compensation law as a shield against liability [citation]. Moreover, in view of the fact that benefits under the Act are paid from employers' premiums as a means of spreading the cost of hazards of the work place [citations] we do not believe the legislature intended that an intentional tortfeasor could shift his liability for his acts to such a fund.

We hold, therefore, that an employee who commits an intentional tort may not raise the Act as a bar to an action for damages by a fellow worker." (*Jablonski v. Multack* (1978), 63 Ill. App. 3d 908, 915.)

We agree with the reasoning expressed in *Jablonski*, and hold that the exclusive remedy provisions of the Act do not bar employees from pursuing a common law action against co-employees for injuries arising out of intentional torts. The co-employee should not be permitted to assert that the plaintiff's injuries were accidental and therefore barred under the exclusivity provisions of the Act, when he himself committed the intentional tort.

We next consider whether the factual allegations in counts III, IV and V are sufficient to state a cause of action against Marcolini for false imprisonment, false arrest, and malicious prosecution. The trial court dismissed these counts pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615) on the ground that there were insufficient facts to support a cause of action against Marcolini. The appellate court affirmed the dismissal of count V, but rein-

stated counts III and IV, finding that the defendant had misled the trial court to believe that Marcolini was not implicated in those counts.

In considering a motion to dismiss, all well-pleaded facts in a complaint must be taken as true with all inferences from it to be drawn in favor of the nonmovant. (*Beckman v. Freeman United Coal Mining Co.* (1986), 151 Ill. App. 3d 47, 54; *Album Graphics, Inc. v. Beatrice Foods Co.* (1980), 87 Ill. App. 3d 338, 344.) A complaint should not be dismissed for failure to state a claim unless it clearly appears that no set of facts could be proved under the allegations which would entitle the party to relief. *Beckman v. Freeman United Coal Mining Co.* (1986), 151 Ill. App. 3d 47, 54; *Konicki v. Oak Brook Racquet Club, Inc.* (1982), 110 Ill. App. 3d 217, 220.

Applying these principles to the complaint, we hold that the trial court properly dismissed count V of the complaint, which attempts to state a cause of action for malicious prosecution against Marcolini. To state a cause of action for malicious prosecution, the plaintiff must allege facts showing " '(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff.' " (*Joiner v. Benton Community Bank* (1980), 82 Ill. 2d 40, 45, quoting *Ritchey v. Maksin* (1978), 71 Ill. 2d 470, 475.) Count V did not adequately state a cause of action for malicious prosecution against Marcolini, because it does not allege that Marcolini commenced or continued criminal proceedings against the plaintiff. Rather, it alleges that Rochella Davis, an agent of Marshall Field, filed the criminal complaint against the plaintiff which is the basis of the malicious prosecution action. Because an essential element of

a cause of action for malicious prosecution against Marcolini is missing, count V was properly dismissed.

Counts III and IV of the complaint purport to state a cause of action against Marcolini for false arrest and false imprisonment. False imprisonment is an unreasonable restraint of an individual's liberty, against his will, caused or procured by the defendant. (*Hajawii v. Venture Stores, Inc.* (1984), 125 Ill. App. 3d 22; *Dutton v. Roo-Mac, Inc.* (1981), 100 Ill. App. 3d 116.) The essential elements of a cause of action for false arrest or false imprisonment are that the plaintiff was restrained or arrested by the defendant, and that the defendant acted without having reasonable grounds to believe that an offense was committed by the plaintiff. See *Karow v. Student Inns, Inc.* (1976), 43 Ill. App. 3d 878; *Shelton v. Barry* (1946), 328 Ill. App. 497; R. Michael, 3 Illinois Practice §24.7, at 371 n.5; see also *Fort v. Smith* (1980), 85 Ill. App. 3d 479, 484 (Jones, P.J., dissenting).

The defendants claim that the trial court properly dismissed counts III and IV of the plaintiff's complaint, because those counts do not sufficiently allege that Marcolini was acting without reasonable cause to believe that the plaintiff had committed a criminal trespass at the time he detained and arrested him. The plaintiff responds that the allegations in his complaint are sufficient.

In view of the statutory directive in section 2—603 of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—603(c)) that "[p]leadings shall be liberally construed with a view to doing substantial justice between the parties," we hold that counts III and IV are sufficient to state a cause of action against Marcolini for false arrest and false imprisonment. Count III alleges that the plaintiff was falsely and unlawfully arrested and forcibly taken to Marshall Field's security offices by Marcolini and other security personnel when he entered Marshall

Field's premises for the purpose of receiving his payroll check. Count III also alleges that the plaintiff was subsequently taken into custody and placed on trial for the offense of criminal trespass, and that said criminal proceeding culminated in his favor. Count IV incorporates the allegations of count III and states that the plaintiff's arrest was wholly without probable cause and was done maliciously and with intent to injure the plaintiff. While we will not speculate on the result of a trial on the merits, we hold that the allegations that Marcolini acted unlawfully in restraining the plaintiff and that the plaintiff's arrest was without probable cause sufficiently allege that Marcolini restrained the defendant without reasonable grounds to believe that the plaintiff committed an offense. The allegations in counts III and IV adequately state a cause of action for false arrest and false imprisonment, and thereby survive the defendant's motion to dismiss. See *Fort v. Smith* (1980), 85 Ill. App. 3d 479 (allegations that the plaintiff was falsely imprisoned when arrested by a county deputy without a warrant, without reasonable grounds to believe one had been issued, and without reasonable grounds to believe he had committed an offense that would justify his arrest, were sufficient to survive a motion to dismiss, since a more detailed pleading would require proof of negative).

For the reasons stated, the judgment of the appellate court is affirmed.

*Judgment affirmed.*