67 F.3d 301
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Stafford DOWNIE, Plaintiff-Appellant,
v.
SWISS GRAND HOTEL[1], Defendant-Appellee.
 No. 94-3061.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 27, 1995.*
Decided Sept. 27, 1995.
 
 Before CUMMINGS, PELL and BAUER, Circuit Judges.
 
 ORDER
 
 1
 The Swiss Grand Hotel in Chicago terminated Stafford Downie's employment as a server in the Banquet Department in June 1990. Downie, an African-American male, filed a lawsuit alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq. In addition, he requested damages for the intentional infliction of emotional distress, a state common law tort claim. The district court (Judge Anderson) partially granted Swiss Grand Hotel's motion for summary judgment, holding that the state tort claim was barred by the Illinois Workers' Compensation Act. The parties proceeded to trial on the remaining Title VII claim, Judge Rosen presiding. At its conclusion, the district court determined that Downie had failed to show that Swiss Grand Hotel's legitimate, nondiscriminatory reason for his termination--his poor job performance--was pretextual. The court also found Downie's allegations of race discrimination either not credible or unsubstantiated by the evidence presented at trial. Downie appeals both these rulings. We affirm.
 
 
 2
 Swiss Grand Hotel argues that the Title VII claim should be affirmed because Downie failed to order the trial transcript in violation of Federal Rule of Appellate Procedure 10(b)(2) and failed to support his challenges to the court's factual findings with specific references to the record contrary to Circuit Rule 28(d). See also Fed.R.App.P. 28(a)(5) ("The argument must contain the contentions of the appellant on the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on."). Since the filing of Swiss Grand Hotel's brief, Downie has supplemented the record on appeal with a copy of the trial transcript. However, he did not ask the court to file a supplemental brief to bolster his arguments on appeal with references to specific evidence in the record. His brief, therefore, remains fatally flawed.
 
 
 3
 As part of its factual findings, the district court concluded that Downie's hotel manager, Nicholas Zazzera, who allegedly made racist remarks, did not have decisionmaking authority to terminate employees and that the decision to fire Downie was made by the Human Resources Director. Moreover, Downie admitted that he told no one of Zazzera's alleged use of racial epithets and there was no other evidence indicating that the Human Resources Director knew of the allegedly racially-hostile work environment and did nothing about it. Downie challenges the court's finding, arguing that his manager participated in the meeting which resulted in his termination. Yet Downie does not refer us to the record to substantiate his claim nor would this fact undermine the court's finding regarding Zazzera's lack of authority to make termination decisions. Downie also contends that Zazzera treated African-American servers less favorably than white servers with respect to discipline and termination. Again, he does not refer us to any evidence in the record to support his claim. Failure to comply with Rule 28 by supplying the necessary citations to the record to support a factual challenge results in waiver of that claim. See United States v. Mason, 974 F.2d 897, 900-01 (7th Cir.1992); Littlefield v. McGuffey, 954 F.2d 1337, 1342 (7th Cir.1992).
 
 
 4
 Downie also challenges the district court's decision granting the defendant's motion for summary judgment with regard to the claim of intentional infliction of emotional distress. The district court held that Downie's claim was barred by the Illinois Workers' Compensation Act ("the Act"), 820 ILCS 305/1-305/30 (West 1993), because he failed to provide evidence showing that the Hotel or its alter ego directly caused him harm.
 
 
 5
 The Act "is designed to provide financial protection to workers for accidental injuries arising out of and in the course of employment." Meerbrey v. Marshall Field & Co., Inc., 564 N.E.2d 1222, 1225 (Ill.1990) (emphasis added). Although the Act is intended to be the exclusive remedy for accidental injuries, "a common law cause of action against an employer ... for injuries which the employer or its alter ego intentionally inflicts upon an employee or which were commanded or expressly authorized by the employer" is not barred. Id. at 1226.
 
 
 6
 Downie argues in a conclusory fashion that it was "defendant's policy to make racial harassment and discrimination a condition of employment" and that a "thorough examination of the facts as alleged in [his] Amended Complaint, Discovery Deposition, answers to Defendant's first interrogatories, and a comparison of the present facts to those of case law" will show that the Swiss Grand Hotel itself or through its alter ego intentionally inflicted severe emotional distress upon him. He does not direct us to any evidence considered by the district court at the summary judgment stage that would establish the defendant's direct involvement in the alleged discrimination nor does he present a material question of fact as to whether Downie's hotel manager was acting as the hotel's alter ego. Arguments which are inadequately developed and unsupported by legal authority and facts in the record are improperly presented and will be deemed waived. Filipowicz v. American Stores Benefit Plans Comm., 56 F.3d 807, 816 (7th Cir.1995) (appellate court will not search the record for an alleged abuse of discretion by the district court); United States v. South, 28 F.3d 619, 629 (7th Cir.1994) (argument waived where defendant provided general law without any attempt to apply the law to the applicable facts); United States v. Bell, 936 F.2d 337, 342-43 (7th Cir.1991) (argument waived where defendant offers no analysis of the evidence to support his contention).
 
 
 7
 The district court's judgment is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement was filed. Accordingly, the appeal is submitted on the briefs and the record
 
 
 [1]
 The pleadings and documents in this case have referred to the Defendant-Appellee as the "Swiss Grand Hotel," the "Swiss Hotel," the "Swiss Hotel Chicago," and the "Swissotel Chicago." Hotel records and the employee handbook indicate that the correct name is "Swiss Grand Hotel."