Donald L. PORTER, Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.

No. 97 C 6629.

United States District Court, N.D. Illinois, Eastern Division.

Sept. 2, 1998.

Irene Savanis, Michael J. Gray, Jones, Day, Reavis & Pogue, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

ANN CLAIRE WILLIAMS, District Judge.

Plaintiff Donald Porter ("Porter") brings this Title VII action under 42 U.S.C. § 2000e-5 against defendant International Business Machines Corporation ("IBM"). Porter alleges that IBM discriminated and retaliated against him on the basis of his race (African–American) with respect to certain conditions of his employment. Porter also alleges that IBM's actions negligently inflicted emotional distress on him. IBM moves to strike paragraphs six through nine of Porter's amended complaint pursuant to Federal Rule of Civil Procedure 12(f). IBM also moves under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Porter's negligent infliction of emotional distress claim for lack of subject matter jurisdiction and failure to state a claim. For the reasons set forth below, the court grants both IBM's motion to strike paragraphs six through nine of Porter's amended complaint and IBM's motion to dismiss Porter's state law negligent infliction of emotional distress claim.

### Background

In 1996, Donald Porter worked for IBM as a manager. (Compl. ¶ 28.) On August 29, 1996, fellow IBM employee Nancy Stock directed a racial slur at Porter when she called him a "nigger." (Compl. ¶ 11.) Porter reported this racial slur to IBM on September 4, 1996 and stated that he was interested in a transfer to another department. (Compl. ¶¶ 12, 13.) Porter spoke with IBM employees Vito Panteleo and John Wright about his transfer and they both told him that his transfer would go through.[1] (Compl. ¶¶ 14–17.) To date, IBM has not transferred Porter to another department. (Compl. ¶ 18.)

On February 24, 1997, Porter received two "Condition of Employment" letters from

Alan Craig Hoffman, Alan C. Hoffman & Associates, Chicago, IL, for Plaintiff.

---

1. Porter does not indicate the department to which IBM agreed to transfer him.

IBM. One letter cited Porter for tardiness and the other letter warned Porter about his absenteeism. (Compl.¶ 26.) According to Porter, however, IBM was not justified in sending these letters because Porter was neither tardy for work nor did he have any unexcused absences. (Compl.¶ 27.) On March 8, 1997, Porter applied for sick leave from work. (Compl. ¶¶ 22, 23.) IBM approved his request and Porter then took a sick leave from work. (Compl.¶ 24.)

On March 14, 1997, Porter filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against IBM. (Compl.¶ 65.) Porter returned to work from his sick leave on May 19, 1997. (Compl. ¶ 25.) On that date, IBM informed Porter that the company was demoting him from Manager to Help Desk Tech because of his alleged tardiness and absenteeism.[2] (Compl. ¶¶ 28–32.)

Around September 1, 1997, Porter became clinically depressed because of the stress of the alleged discrimination and the conditions under which he worked at IBM. (Compl.¶ 19.) Porter was hospitalized from September 1 through September 8 because of this depression.[3] (Compl.¶ 20.) Porter then filed this lawsuit on September 19, 1997.

Count I of Porter's amended complaint alleges that IBM retaliated against him for filing his complaint of racial discrimination by failing to transfer him to another department within IBM and by demoting him. (Compl.¶ 67.) In Count II, Porter alleges that IBM negligently failed to provide a work environment free of racial discrimination, and because of IBM's negligence, Porter suffered emotional distress. (Compl.¶ 97.) IBM now moves to strike paragraphs six through nine of Porter's amended complaint pursuant to Federal Rule of Civil Procedure 12(f) and moves to dismiss the negligent infliction of emotional distress claim for lack of subject matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

### Analysis

### I. Motion to Strike

█ Under Rule 12(f), motions to strike are limited to pleadings containing "immaterial, impertinent or scandalous matter." Fed.R.Civ.P. 12(f). Generally, motions to strike are disfavored and are therefore usually denied. *Hrubec v. National R.R. Passenger Corp.*, 829 F.Supp. 1502 (N.D.Ill.1993) (denying motion to strike a motion to strike and supporting memorandum because neither item constituted a pleading). Before the court will strike portions of a complaint, the moving party must show that the allegations are unrelated to the plaintiff's claims and that allowing the allegations to remain in the complaint would be unfairly prejudicial. *Cumis Ins. Soc., Inc. v. Peters,* 983 F.Supp. 787, 798 (N.D.Ill.1997).

In both his EEOC charge and Count I of his amended complaint, Porter claims that IBM violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, by discriminating against him on the basis of his race. Specifically, Porter alleges that on August 29, 1996 he was subjected to a racial slur that he reported to IBM on September 4, 1996. He alleges that IBM retaliated against his complaint of racial discrimination by failing to transfer him to another department within IBM and by demoting him. (Compl.¶ 67.) IBM contends that paragraphs six through nine of Porter's amended complaint are immaterial and should be stricken because they contain descriptions of events that occurred prior to August 29, 1996 and because Porter did not mention these events in his EEOC Charge.

█ Generally, a plaintiff may not bring claims in a Title VII lawsuit that were not originally included in the EEOC charge. *Harper v. Godfrey Co.*, 45 F.3d 143, 147–48 (7th Cir.1995); *Cheek v. Western and S. Life*

---

**2.** Porter also lists "Shift Leader" (Compl.¶ 28) and "Team Leader" (Compl.¶ 67) as the position to which IBM demoted him. Because Porter's complaint is ambiguous about which job IBM demoted him to, the court is unaware of what position Porter currently holds.

**3.** Porter also alleges that he was hospitalized for depression from March 8–14, 1997. The court is unsure whether this was the first of two hospitalizations or a typographical error because Porter fails to mention this earlier hospitalization anywhere else in his amended complaint.

*Ins. Co.*, 31 F.3d 497, 503 (7th Cir.1994). This rule serves the dual purpose of "giv[ing] the employer some warning of the conduct about which the employee is aggrieved, and afford[ing] the agency and the employer an opportunity to attempt conciliation without resort to the courts." *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir.1992) (citing *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir.1985)). A Title VII claim is within the scope of the EEOC charge if it is "like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations." *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir.1976). A claim in the complaint is like or reasonably related to an EEOC charge if, at minimum, they both "describe the same conduct and implicate the same individuals." *Cheek*, 31 F.3d at 501.

Paragraphs six through nine of Porter's amended complaint describe events that occurred from 1993 through 1995. Paragraph six alleges that in 1993 Porter held the position of First Level Manager. Paragraphs seven through nine allege that while Porter worked as a First Level Manager, he suffered acts of racial discrimination from the same employee who, on August 29, 1996, allegedly directed a racial slur at him.

■ While this court recognizes that most EEOC charges are completed by laypersons and are therefore subject to a liberal standard of review when determining whether claims are "like or reasonably" related to an EEOC charge, *Cheek*, 31 F.3d at 500; *Babrocky*, 773 F.2d at 864, it is clear that paragraphs six through nine do not describe conduct that is reasonably related to the conduct described in Porter's EEOC charge. Porter's EEOC charge only alleges the racial slur on August 29, 1996. IBM's alleged discriminatory and retaliatory treatment arises exclusively out of Porter's complaint about this August 1996 racial slur. While paragraphs six through nine contain background information about the same people as the EEOC charge, their conduct several years

before the August 1996 incident is entirely unrelated to IBM's alleged discrimination and retaliation against Porter in February, March and May of 1997.

Porter's amended complaint further demonstrates the irrelevance of paragraphs six through nine. While paragraphs six through nine describe events from 1993 through 1995, the remainder of Porter's amended complaint is conspicuously devoid of any other reference to these events. This absence is most noticeable in paragraphs sixty-seven and ninety-seven. Paragraph sixty-seven, which alleges retaliation, fails to mention any conduct before the alleged August 1996 racial slur. Similarly, paragraph ninety-seven, which alleges negligent infliction of emotional distress, refers only to acts related to the alleged August 1996 slur. While Porter, a layperson, completed the EEOC charge without assistance of counsel, his attorney wrote the amended complaint which failed to link these earlier events to the allegations of discrimination and retaliation. Therefore, not only do paragraphs six through nine contain information that did not appear in Porter's EEOC claim, but paragraphs six through nine are also immaterial to the allegations in the amended complaint. Allowing these irrelevant accusations to remain in the complaint would unfairly prejudice IBM. The court, therefore, grants IBM's motion to strike paragraphs six through nine of plaintiff's amended complaint.[4]

## II.   *Motion to Dismiss*

A motion to dismiss tests the sufficiency of the compliant, not the merits of the suit. *Demitropoulos v. Bank One Milwaukee, N.A.*, 915 F.Supp. 1399, 1406 (N.D.Ill.1996) (citing *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir.1990)). Therefore, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. *Zinermon v. Burch*, 494 U.S. 113, 118, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Colfax Corp. v. Illinois*

---

4. IBM also asks the court to strike paragraphs six through nine because these allegations pertain to time periods when IBM did not employ Porter and because they predate the applicable statutes of limitations for both the Title VII claim and the negligent infliction of emotional distress claim. Since the court strikes paragraphs six through nine as immaterial under Rule 12(f), the court need not address these issues.

*State Toll Highway Auth.,* 79 F.3d 631, 632 (7th Cir.1996) (citation omitted). The court will dismiss a claim only if "it appears beyond doubt that [the plaintiff] can prove no set of facts in support of his claim which would entitle him to relief." *Colfax,* 79 F.3d at 632 (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

In Count II of his amended complaint, Porter alleges that IBM was negligent in its duty to provide a work environment free from racial discrimination. Porter claims that because of IBM's negligence, he suffered emotional distress. (Compl.¶ 97.) IBM contends that the Illinois Workers' Compensation Act bars this claim and therefore the court should dismiss this claim pursuant to Federal Rule of Civil Procedure 12(b)(1) based on lack of subject matter jurisdiction.

The Illinois Workers' Compensation Act ("IWCA"), 820 ILCS 305/1 *et seq.* (1993), contains an exclusivity provision barring employee "common law or statutory right[s] to recover damages from [an] employer ... or [its] agents or employees" for accidental injuries sustained in the course of employment. 820 ILCS 305/5(a) (1993). The IWCA "abrogated employer liability for common law negligence." *Small v. Chicago Health Clubs, Inc.,* 843 F.Supp. 398, 403 (N.D.Ill.1994). Porter's claims for negligent infliction of emotional distress are therefore preempted by the Act.[5] *See id.*

Porter argues that there are four exceptions to the IWCA rule barring claims of negligent infliction of emotional distress and that his claim falls within the fourth exception. Porter cites *Meerbrey v. Marshall Field and Co.,* 139 Ill.2d 455, 151 Ill.Dec. 560, 564 N.E.2d 1222, 1226 (Ill.1990) which cites *Collier v. Wagner Castings Co.,* 81 Ill.2d 229, 41 Ill.Dec. 776, 408 N.E.2d 198, 202 (Ill.1980) for the proposition that if a plaintiff can prove that "the injury (1) was not accidental, (2) did not arise from his or her employment, (3) was not received during the course of employment or (4) was noncompensable under the Act," the negligent infliction of emotional distress claim is not barred by the IWCA. *Collier,* 41 Ill.Dec. 776, 408 N.E.2d at 202. However, *Meerbrey, Collier* and every other case Porter cites, involve claims of intentional torts, not claims of negligent infliction of emotional distress. This court has found only one case which applies these exceptions to a negligent infliction of emotional distress claim. *See Krieger v. Adler, Kaplan & Begy,* No. 94 C 7809, 1996 WL 6540, at *13 (N.D.Ill. Jan. 5, 1996).

■ Given the strong language in *Small* that *all* negligence claims are barred by the IWCA, this court disagrees with the *Krieger* court and concludes that the four exceptions do not apply to claims of negligent infliction of emotional distress.[6] Nevertheless, assuming that these exceptions do apply to negligence claims, Porter's argument that his claim falls within the fourth exception is clearly without merit. As the *Collier* court explained, "emotional distress is compensable under the Act and, therefore, [a] plaintiff cannot escape the exclusivity provisions on this basis." 41 Ill.Dec. 776, 408 N.E.2d at 202. Therefore, Porter's claim of negligent infliction of emotional distress is barred by the IWCA and the court dismisses Count II of his complaint.

### Conclusion

For the reasons set forth above, the court grants both IBM's motion to strike paragraphs six through nine of Porter's amended complaint and IBM's motion to dismiss Count II. The parties are instructed to dis-

---

5. IBM also contends that the Illinois Human Rights Act bars Porter's claim of negligent infliction of emotional distress. IBM further argues that Porter's negligent infliction of emotional distress claim fails to state a cause of action. Because the court finds that the Illinois Worker's Compensation Act bars Porter's claim of negligent infliction of emotional distress, the court does not address these issues.

6. In an unpublished case, the Seventh Circuit seems to have approved the holding in *Small* that the IWCA bars all negligent infliction of emotional distress claims brought with Title VII claims and that the four *Collier* exceptions do not apply to negligent infliction of emotional distress claims. *See Cutchin v. Wal–Mart Stores, Inc.,* 79 F.3d 1150, 1996 WL 122829, at *2 (7th Cir. 1996).

834

cuss settlement before the next date scheduled in this case.