# ILLINOIS OFFICIAL REPORTS

## Appellate Court

***Glasgow v. Associated Banc-Corp.*, 2012 IL App (2d) 111303**

| | |
|---|---|
| Appellate Court Caption | TAKEISHA GLASGOW, Individually and on Behalf of Her Two Minor Children, Brandon F. and Allivan G., Plaintiff-Appellant, v. ASSOCIATED BANC-CORP and ASSOCIATED BANC-CORP–LINDENHURST BRANCH, Defendants-Appellees. |
| District & No. | Second District<br>Docket No. 2-11-1303 |
| Filed | November 21, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The exclusive remedy provisions of the Workers' Compensation Act barred plaintiff's common-law complaint against the bank where she was a teller for the injuries she suffered at the hands of bank robbers, since she had applied for and was receiving workers' compensation benefits for her injuries. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 10-L-1108; the Hon. Margaret J. Mullen, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Stuart H. Galesburg, of Law Offices of Stuart H. Galesburg, of Chicago, for appellant.

Mark T. McAndrew, of Hennessy & Roach, P.C., of Chicago, for appellees.

Panel

JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.
Justices McLaren and Burke concurred in the judgment and opinion.

## OPINION

¶ 1      Plaintiff, Takeisha Glasgow, appeals the trial court's dismissal, pursuant to section 2-619.1 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-619.1 (West 2008)), of plaintiff's amended complaint against defendants, Associated Banc-Corp and Associated Banc-Corp–Lindenhurst Branch. Plaintiff contends that the trial court erred when it determined (1) that the Illinois Workers' Compensation Act (the Act) (820 ILCS 305/5(a) (West 2008)) constituted the exclusive remedy available; (2) that the pleaded facts failed to establish a cause of action against defendants; and (3) that the legislature did not intend to give immunity from suit for intentional inactions under the Act. We affirm.

¶ 2      On December 2, 2010, plaintiff filed a two-count complaint alleging injuries that arose during a bank robbery. On February 17, 2011, plaintiff filed an amended complaint additionally alleging that defendants' conduct was outrageous. Specifically, count I of plaintiff's amended complaint alleged that, on December 2, 2009, plaintiff was working as a bank teller at the Lindenhurst branch of Associated Banc-Corp (the Branch) with a female coworker. Around 3 p.m., a cash truck delivered fresh currency to the Branch. Five minutes before the bank was scheduled to close for the evening, three or four masked robbers took over the bank. One robber struck plaintiff on the head, neck, and right shoulder. Plaintiff and her coworker were ordered to give the robbers money from the cash drawers and the vault. Before leaving, the robbers ordered plaintiff to lie facedown on the floor. She was also ordered not to move and not to call police, under threat of additional harm. Plaintiff sustained "serious and permanent injuries of orthopedic, neurological, and psychiatric conditions of ill-being, and remains under treatment."

¶ 3      According to the amended complaint, the Branch was robbed twice previously, once in 2006 and again in 2008. Plaintiff had not been aware of the previous robberies and alleged that she would not have taken the teller position if she had been aware of the robberies. Plaintiff's complaint further alleged that, prior to the December 2, 2009, robbery, she and a coworker advised their supervisor that the Branch (1) lacked a security guard; (2) lacked

bulletproof glass and preventive windows that would deter bank robbers from climbing over the counter to attack tellers; (3) should not have "open cash drawers at teller stations"; (4) should not keep its vault open throughout the business day; and (5) should have a male teller present.

¶ 4 According to her amended complaint, defendants "knowingly, willfully, [and] purposely failed, with obvious intent and outrageous conduct, [to] provide adequate bank security to deter and/or prevent the December 2, 2009, bank robbery, because of the costs, and any other issues, all less important, than the lives and welfare, of its employees, customers, and law enforcement personnel, tracking the alleged perpetrators for their arrest."

¶ 5 Plaintiff's amended complaint also maintained that defendants knew or should have known prior to December 2, 2009, that the Branch could reasonably be expected to be robbed. Plaintiff's complaint alleged that the December 2, 2009, robbery was not accidental, but that, because of defendants' failure to implement increased security measures to deter robberies, there was a "direct invite" to rob. Plaintiff sought punitive damages against defendants for their "outrageous conduct" and to encourage defendants and other banks to implement proper minimum security measures to prevent robberies.

¶ 6 On December 10, 2009, plaintiff filed a workers' compensation case which, as of the date this appeal was filed, is still pending with the Illinois Workers' Compensation Commission. Defendants' workers' compensation carrier is currently providing workers' compensation benefits to plaintiff.

¶ 7 On April 28, 2011, defendants filed a section 2-619.1 motion to dismiss. On August 9, 2011, the trial court granted defendants' motion on section 2-619 grounds. On September 8, 2011, plaintiff filed a motion to vacate and for leave to file a second amended complaint. On November 15, 2011, the trial court denied the motion. Plaintiff timely appeals.

¶ 8 We address only count I of plaintiff's complaint. Plaintiff acknowledges that count II of her complaint, on behalf of her minor children, was correctly dismissed with prejudice and notes that no discussion or argument regarding count II is presented on appeal.

¶ 9 Plaintiff contends that the trial court erred when it granted defendants' motion to dismiss. Specifically, plaintiff argues that (1) the Act did not constitute the exclusive remedy under the present circumstances; (2) the pleaded facts established a cause of action against defendants; and (3) the legislature did not intend to give immunity from suit for intentional inactions under the Act. Defendants respond that, pursuant to the Act, plaintiff's sole remedy is her pending workers' compensation claim. See 820 ILCS 305/5(a) (West 2008).

¶ 10 We agree with defendants. Once an employee has collected compensation on the basis that his or her injuries were compensable under the Act, the employee cannot then allege that those injuries fall outside the Act's provisions. See *Collier v. Wagner Castings Co.*, 81 Ill. 2d 229, 241 (1980). Accordingly, we conclude that, once plaintiff applied for and accepted workers' compensation benefits, she was barred from pursuing an intentional-tort action against defendants.

¶ 11 Section 2-619.1 of the Code permits a defendant to file a combined motion to dismiss pursuant to sections 2-615 and 2-619 of the Code. 735 ILCS 5/2-615, 2-619, 2-619.1 (West 2008). A section 2-615 motion to dismiss "tests the legal sufficiency of the complaint," while

a section 2-619 motion "admits the legal sufficiency of the complaint, but asserts an affirmative matter outside the complaint that defeats the cause of action." *Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351, 361 (2009). Under either section of the Code, our standard of review is *de novo*. *Id.* Because the trial court ultimately dismissed plaintiff's amended complaint pursuant to section 2-619, our analysis is based upon the constructs of section 2-619.

¶ 12        The purpose of a section 2-619 motion to dismiss is to dispose of issues of law and easily proved issues of fact at the outset of litigation. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003). "A section 2-619 motion admits as true all well-pleaded facts, along with all reasonable inferences that can be gleaned from those facts." *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 352 (2008). "On appeal from a section 2-619 motion, the reviewing court 'must consider whether the existence of a genuine issue of material fact should have precluded dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law.' " *O'Casek v. Children's Home & Aid Society of Illinois*, 229 Ill. 2d 421, 436 (2008) (quoting *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116-17 (1993)).

¶ 13        In the present matter, the trial court determined that receiving compensation pursuant to the Act was plaintiff's exclusive remedy. Section 5(a) of the Act provides, in pertinent part:

> "No common law or statutory right to recover damages from the employer *** for injury or death sustained by any employee while engaged in his line of duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, to anyone wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury." 820 ILCS 305/5(a) (West 2008).

¶ 14        Plaintiff argues that the exclusivity provisions of the Act do not bar common-law causes of action against an employer for injuries that the employer or its alter ego intentionally inflicts upon an employee or that were commanded, or expressly authorized, by the employer. See *Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 470 (1990). Plaintiff asserts that defendants' refusal to increase security measures after her request and two prior robberies constituted the intentional act of "inviting" another robbery.

¶ 15        Defendants respond that their decision to implement or not implement tighter security standards did not rise to the level of a specific intent by them to inflict injury. Moreover, defendants assert that the actions of third parties, here the robbers, were not commanded, authorized, or in any way controlled by defendants. Defendants assert that plaintiff is attempting to circumvent the Act's exclusivity provisions by claiming that defendants knew or should have known that the Branch could reasonably be expected to be robbed.

¶ 16        Our supreme court has determined that an injured employee is not permitted to seek workers' compensation benefits, claiming that the injuries are compensable under the Act, while additionally pursuing a common-law action for an intentional tort. *Collier*, 81 Ill. 2d at 241. In *Collier*, an employee brought a complaint against his employer, alleging that the employer intentionally inflicted emotional distress because the company's nurse failed to provide adequate assistance to the employee when he suffered a heart attack while at work. Before filing the complaint, the employee accepted a lump-sum workers' compensation

payment pursuant to the Act. The circuit court dismissed the employee's complaint, the appellate court affirmed, and our supreme court agreed, holding that, once an employee takes the position that an injury is compensable under the Act, he or she is barred from taking the mutually exclusive position that the injury was intentional. *Id.* Citing Professor Arthur Larson, author of Larson's Workmen's Compensation Law, our supreme court noted that, while "an intentional tortfeasor should not be able to shield his [or her] liability with the exclusivity provisions of a compensation statute premised on insuring accidental injuries \*\*\* if the injured party receives compensation pursuant to the act, he or she should not be heard to subsequently allege their intentional nature." *Id.* at 239-40 (citing 2A Arthur Larson, Larson's Workmen's Compensation Law § 68.12 (1976)).

¶ 17       Additionally, in *Copass v. Illinois Power Co.*, 211 Ill. App. 3d 205, 213 (1991), the court explained the public policies behind its determination that, once accepted, compensation pursuant to the Act should stand as the sole remedy available to the employee. The *Copass* court explained that the Act seeks to balance the interests of employers and employees with regard to on-the-job injuries. "Under workers' compensation, employees may recover for injuries without proving the employer was at fault, and they are to be provided swift and certain recovery. In exchange, workers' compensation becomes the exclusive remedy because employees give up the right to pursue a potentially larger judgment in a common law action." *Id.* (citing 2A Arthur Larson, Larson's Workmen's Compensation Law § 68.12 (1976)).

¶ 18       As plaintiff in the present matter is currently receiving workers' compensation payments pursuant to the Act, she is no longer at liberty to pursue a common-law action. Thus, we affirm the trial court's ruling. Moreover, we determine that, even if *Collier* did not apply, the trial court was still correct in dismissing plaintiff's amended complaint because plaintiff's complaint failed to plead a specific intent to harm.

¶ 19       Instructive on this matter is *Bercaw v. Domino's Pizza, Inc.*, 258 Ill. App. 3d 211 (1994). In *Bercaw*, relatives of a deliveryman who was strangled to death by assailants while delivering a pizza brought a wrongful death action against Domino's Pizza (Domino's) and its franchisee. The plaintiffs' complaint alleged, among other allegations, that Domino's and its franchisee knew, or should have known, that pizza delivery personnel were increasingly becoming the victims of robbery but implemented policies and procedures that (1) allowed deliveries to be made to darkened residences adjacent to darkened parking lots; (2) failed to refuse delivery orders from known pay phones; (3) failed to refuse delivery in areas with high crime rates; and (4) failed to require two-person delivery teams when orders came from known pay phones. *Id.* at 213. The plaintiffs alleged that, as a result of these intentional acts, the decedent was strangled by third parties while attempting to deliver an order to a darkened residence. *Id.*

¶ 20       This court held that the Act's exclusive remedy provisions prohibit an employee from additionally bringing a common-law cause of action against his or her employer to recover for injuries suffered by the employee. *Id.* at 216. We noted, however, that exceptions existed that would allow a common-law action when the employee can prove that the injury (1) was not accidental; (2) did not arise out of his or her employment; (3) was not suffered in the course of his or her employment; or (4) was not compensable under the Act. *Id.* at 214 (citing

*Meerbrey*, 139 Ill. 2d at 463). We pointed out that the underlying issue was whether the phrase "not accidental" required that the employer knew with substantial certainty that its actions would injure the employee or specifically intended that its actions injure the employee. *Id.* We reasoned that any adoption of a substantial-certainty standard would be unduly difficult to employ when distinguishing between accidental and nonaccidental injuries and would upset the Act's balance of interests. *Id.* at 215 (citing *Copass*, 211 Ill. App. 3d at 213). We determined that the employer must specifically intend that its actions would injure the employee. *Id.*

¶ 21    Here, plaintiff's amended complaint failed to allege that her injury did not arise out of her employment, was not suffered in the course of her employment, or was not compensable under the Act. Although the amended complaint did allege that defendants "knowingly, willfully, [and] purposely failed, with obvious intent and outrageous conduct, [to] provide adequate bank security to deter and/or prevent the *** robbery," plaintiff did not allege that defendants specifically intended that its actions would injure her. Moreover, plaintiff did not allege that defendants commanded or expressly authorized her injuries.

¶ 22    Plaintiff is already receiving workers' compensation payments, thus barring further recovery. See *Collier*, 81 Ill. 2d at 241. Moreover, plaintiff cannot reasonably allege that defendants specifically intended her harm (see *Bercaw*, 258 Ill. App. 3d at 214), nor can she reasonably allege that defendants commanded or expressly authorized her injuries (*Meerbrey*, 139 Ill. 2d at 470). Thus, we affirm the trial court's decision granting defendants' motion to dismiss.

¶ 23    For the forgoing reasons, we affirm the judgment of the circuit court of Lake County.

¶ 24    Affirmed.