ROZALIA HANDZEL, Indiv. and as Special Adm'r of the Estate of Andrej Handzel, Plaintiff-Appellant, v. KANE-MILLER CORPORATION, d/b/a American Meat Packing Company, et al., Defendants-Appellees.

First District (4th Division) No. 1—92—0641

Opinion filed March 25, 1993.

Alexander, Fennerty & Green, of Chicago, for appellant.

Richard J. Leamy, Jr., and Erica N. Goldmann, both of Wiedner & McAuliffe, Ltd., of Chicago, for appellees.

JUSTICE CAHILL delivered the opinion of the court:

This is an appeal from a negligence action filed by the plaintiff Rozalia Handzel, individually and as special administrator of the estate of Andrej Handzel. The plaintiff seeks damages from the defendants Kane-Miller Corporation, d/b/a American Meat Packing Company, and Oleksander Kobylacryk, both individually and as authorized agent, for the heart attack and subsequent death of her husband, Andrej Handzel. The circuit court granted the defendants' motion to dismiss (Ill. Rev. Stat. 1989, ch. 110, par. 2—619) on the grounds that the exclusive remedy provision of the Illinois Workers' Compensation Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.5(a)) barred the plaintiff's action. We affirm.

The decedent worked as a meat packer for the corporate defendant. He collapsed in the employees' locker room shortly before he was to begin work on March 27, 1990. The defendant Kobylacryk, a foreman of the corporate defendant and immediate supervisor of the decedent, ordered other employees to leave the decedent alone, stating that the decedent would recover in a few minutes and that medical attention was not necessary. The employees told Kobylacryk the decedent was ill and in pain and asked that the decedent be given medical attention. Kobylacryk isolated the decedent from other employees and refused to summon medical aid. After about 45 minutes, a co-worker of the decedent telephoned for emergency medical assistance. An ambulance transferred the decedent to Mercy Hospital, where he died at approximately 7 a.m. The medical cause of death was entered on the hospital records as a myocardial infarction.

■ The plaintiff argues on appeal that the trial court erred in granting the defendants' section 2—619 motion because the defendants and the court failed to address the question of whether or not the decedent's heart attack "arose out of his employment." The plaintiff correctly states that the exclusive remedy provision of the Work-

ers' Compensation Act bars a common law action by an employee against an employer and his agents where the accidental injury (1) arose out of and (2) in the course of employment. (*Pintur v. Germann* (1989), 183 Ill. App. 3d 763, 539 N.E.2d 443.) She argues that the defendants' motion only addressed the second element of the test and that the defendants offered no proof that the decedent's heart attack was the result of a work-related risk. She cites *Branch v. Industrial Comm'n* (1983), 95 Ill. 2d 268, 271, 477 N.E.2d 828, for the holding that "more is required than the fact of an occurrence at the employer's place of work."

What the plaintiff omits from her argument is the wording of her complaint. After reciting the facts we have noted above, the plaintiff alleges in paragraph 15 of her complaint that the defendants owed the plaintiff a duty, and in paragraph 16 she alleges that they were negligent in the discharge of that duty when they:

"a) Failed to maintain or make available any medical services at or on the premises of its place of business or any other facilities supplied for the convenience and use of their employees, and the decedent herein;

b) Failed to provide emergency care for the decedent;

c) Failed to allow, prevented or otherwise interferred [*sic*] when any other persons attempted to gain access to the decedent \*\*\*;

d) Failed to have emergency alarms or signals so that employees, and others lawfully upon the premises, could summon medical aid or assistance in time of emergencies, danger, or peril."

We examine a section 2—619 motion to dismiss a complaint under an assumption that all well-pled facts in the complaint are true; if the complaint is dismissed, it will be based upon a conclusion that the facts do not state a cause of action as a matter of law. (*Collier v. Wagner Castings Co.* (1980), 81 Ill. 2d 229, 232, 408 N.E.2d 198, 199.) The plaintiff asserts that the defendants owed the decedent a duty and were negligent in failing to discharge that duty. However, there is no duty at common law to provide aid to an injured person. (*Parra v. Tarasco, Inc.* (1992), 230 Ill. App. 3d 819, 595 N.E.2d 1186.) Whatever duty they owed the decedent must necessarily arise out of the employer-employee relationship. Also, the plaintiff includes no allegation in the complaint that the defendants committed an intentional tort. If the employer and his agent owed the decedent a duty and were negligent, other than in a way that would amount to an intentional tort, then the exclusive remedy for employer negligence under

the Workers' Compensation Act bars the common law action. *Collier*, 81 Ill. 2d 229, 408 N.E.2d 198.

■■ The plaintiff is bound, as was the trial court, by the allegations in her complaint. Given these allegations of negligence, there is no need to examine the wording of the section 2—619 motion to determine if the defendants successfully argued that the decedent's injury "arose out of his employment," because the plaintiff has claimed as much by alleging the defendants owed the decedent a duty to provide medical aid.

The plaintiff cannot plead facts and reach conclusions about a duty that bring the injury within the Act and at the same time claim the injury did not arise out of the decedent's employment. Assuming the pleaded facts are true, we must conclude that the decedent's injury arose out of and in the course of the employment. Because the plaintiff failed to plead a common law theory of recovery beyond the scope of the Workers' Compensation Act, we affirm the circuit court's dismissal of the plaintiff's cause of action, but make no determination of the merits of the plaintiff's claim for workers' compensation.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.