In the

# United States Court of Appeals
## For the Seventh Circuit

No. 03-1752

DONALD E. DUNLAP &
LINDA J. DUNLAP,

*Plaintiffs-Appellants*,

*v.*

NESTLÉ USA, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 02-3230—**Jeanne E. Scott**, *Judge*.

ARGUED APRIL 13, 2005—DECIDED DECEMBER 12, 2005

Before BAUER, WOOD, and WILLIAMS, *Circuit Judges*.

WOOD, *Circuit Judge*. On the morning of September 4, 1999, while at work at a Nestlé facility in Jacksonville, Illinois, Donald E. Dunlap had a heart attack and a stroke. Mr. Dunlap was left lying on Nestlé's loading dock for nearly eight hours before help arrived; by that time, there was not much anyone could do. He is now severely and permanently disabled.

Three months after the accident, Mr. Dunlap's family filed a workers' compensation claim on his behalf before the Illinois Industrial Commission. While the record available to us is incomplete, it appears that Nestlé has argued to the

Industrial Commission that the Illinois Workers' Compensation Act, 820 ILCS 305/1 *et seq.*, does not cover Mr. Dunlap's injuries. Curiously, nearly six years later, his workers' compensation claim is still pending.

Hedging against the possibility that the Industrial Commission might deny his workers' compensation claim, Mr. Dunlap, joined by his wife, sued Nestlé in the Circuit Court of Madison County, Illinois. See *Rhodes v. Indus. Comm'n*, 442 N.E.2d 509, 511 (Ill. 1982) ("[T]here is nothing to prevent a cautious employee who has a pending workmen's compensation claim from also filing a common law action, if he is uncertain of his ground for recovery, so as to toll the statute of limitations."). In that action, filed on August 31, 2001, the Dunlaps alleged that Nestlé violated its duty as the owner of the premises to provide Mr. Dunlap with reasonable medical assistance by allowing him to languish unaided from the time of his heart attack at 8:30 a.m. until approximately 4 p.m. when help finally arrived.

After the case was removed to federal court in March 2002, Nestlé asked the district court to dismiss the Dunlaps' complaint. Reversing the position that it apparently took before the Industrial Commission, Nestlé's motion to dismiss contended that since Mr. Dunlap's injuries occurred while he was working, his sole recourse was through the Workers' Compensation Act. Nestlé argued that the only way the Dunlaps could avoid the exclusivity provisions of the Workers' Compensation Act, see 820 ILCS 305/5(a) and 305/11, was by showing: "(1) that the injury was not accidental; (2) that the injury did not arise from his . . . employment; (3) that the injury was not received during the course of employment; or (4) that the injury was not compensable under the Act." *Meerbrey v. Marshall Field & Co., Inc.*, 564 N.E.2d 1222, 1226 (Ill. 1990). After converting Nestlé's motion to dismiss into a summary judgment motion, the district court found that none of the *Meerbrey* exceptions applied and entered judgment for Nestlé.

On appeal, the Dunlaps concede that the district court properly rejected the first three *Meerbrey* exclusivity exceptions. The heart attack and stroke were accidental. As the Illinois Supreme Court put it in *Meerbrey*, " 'accidental' in the Act is not a technical legal term but encompasses anything that happens without design or an event which is unforeseen by the person to whom it happens." *Id*. (internal quotation marks omitted). There is also no dispute that Mr. Dunlap was a Nestlé employee and that he was at work on the day of his heart attack and stroke. Likewise, while the plaintiffs assert that Nestlé owed Mr. Dunlap an independent duty of care under Illinois's Premises Liability Act, 740 ILCS 130/1 *et seq*., they do not, on appeal, contest the district court's finding that whatever duties Nestlé owed Mr. Dunlap arose out of the employer-employee relationship. See *Handzel v. Kane- Miller Corp*., 614 N.E.2d 206, 208 (Ill. App. 1993) ("If the employer and his agent owed the decedent a duty and were negligent, other than in a way that would amount to an intentional tort, then the exclusive remedy for employer negligence under the Workers' Compensation Act bars the common law action.").

The dispute on appeal concerns the fourth *Meerbrey* exception, which would permit him to avoid the exclusivity rule of the Act if the injury was not compensable under its terms. Given the ongoing proceedings before the Industrial Commission, the parties are in an awkward position. Neither side has wanted, up until now, to take a firm position on the question whether Mr. Dunlap has a valid workers' compensation claim. Nestlé's apparent defense before the Industrial Commission has been that Mr. Dunlap's injuries are not compensable under the Act; but if that is so, then the Dunlaps should be able to proceed with this action under the fourth *Meerbrey* exception. Conversely, if Nestlé's contentions before this court are correct—that is, if Mr. Dunlap's injuries are indeed compensable under the Act—Nestlé should provide the Dunlap

family with the required compensation. See *Meerbrey*, 564 N.E.2d at 1225 ("The exclusive remedy provision is part of the *quid pro quo* in which the sacrifices and gains of employees and employers are to some extent put in balance, for, while the employer assumes a new liability without fault, he is relieved of the prospect of large damage verdicts.") (internal quotation marks omitted). Understandably, Nestlé's Janus-like defense has frustrated the Dunlaps. They have gone so far as to promise in their brief that if Nestlé "was to admit liability under the Workers' Compensation Act, plaintiffs would voluntarily dismiss this common law tort action."

Yet it seems to us that the Dunlaps already have what they seek. In finding that the Workers' Compensation Act's exclusivity provisions preclude their tort claim, the district court necessarily held that Mr. Dunlap's "alleged injuries are [ ] compensable under the Act." At oral argument, Nestlé argued that this finding was not a ruling on the merits, but rather was a finding that the court did not have jurisdiction to consider Mr. Dunlap's workers' compensation claims. Not so. The district court's jurisdiction arose from the federal diversity statute, 28 U.S.C. § 1332, and state law may not enlarge or contract federal jurisdiction. See, *e.g.*, *Goetzke v. Ferro Corp.*, 280 F.3d 766, 778-79 (7th Cir. 2002). The exclusivity provisions of Illinois's workers' compensation statute do not (indeed, may not) affect the scope of the jurisdictional authority granted to the federal courts by Congress. The district court recognized these principles: rather than dismissing the Dunlaps' complaint for lack of jurisdiction under FED. R. CIV. P. 12(b)(1), it evaluated the type of injury Mr. Dunlap suffered, the scope of the Act, and the Act's relation to the tort theory before it, and it ruled (as Nestlé wished) that the tort action was displaced by the statutory remedy.

The Dunlaps have not persuaded us to disturb the district court's judgment. The Illinois Supreme Court has held that

the Workers' Compensation Act requires injuries to have a causal connection to employment in order to be covered. See *Sisbro v. Indus. Comm'n*, 797 N.E.2d 665 (2003). Where the employee has a preexisting condition, "[i]f there is an adequate basis for finding that an occupational activity aggravated or accelerated a preexisting condition, and, thereby, caused the disability," the Act covers the employee's injury. *Id.* at 678. Even where the claimant can be described as a "heart attack waiting to happen," he may be compensated if his job or occupational activity was a "causative factor" in hastening the actual heart attack. *Twice Over Clean, Inc. v. Indus. Comm'n*, 827 N.E.2d 409, 413-14 (Ill. 2005) (awarding compensation to a heart attack victim whose right coronary artery was 90 percent occluded where the work activity was a "contributing cause" of his heart attack).

Even if we were to assume for the sake of argument that Mr. Dunlap was a "heart attack waiting to happen" and there was no causal connection between his heart attack and stroke and his work at Nestlé, his on-the-job accident encompassed much more than the initial attack. Mr. Dunlap's workers' compensation claim seeks coverage for not only the heart attack and the stroke, but also for the added damage caused by Nestlé's failure to respond for eight hours. By continuing to maintain that the Dunlaps do not fall under any of the *Meerbrey* exceptions, Nestlé is in essence conceding that at least some of Mr. Dunlap's injuries are compensable under the Act.

Thus, while we affirm the district court's judgment, this is not an undiluted victory for Nestlé. Our findings, and the uncontested findings of the district court, are binding on the Industrial Commission to the same degree that they would be had an Illinois court made the findings. See *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001) (holding that while the preclusive effect of a judgment rendered by a federal court depends on national rather than

state law, federal common law generally requires state courts to give a federal diversity judgment the same effect they would accord one of their own judgments). Under Illinois's issue preclusion law, an issue litigated in a prior proceeding may not be relitigated if (1) the issue decided in the prior adjudication is identical with the one presented in the suit in question; (2) there was a final judgment on the merits in the prior adjudication; and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication. See *Herzog v. Lexington Township*, 657 N.E.2d 926, 929-30 (Ill. 1995). Each of these elements would be met if and when the Dunlaps bring the results of the present federal action to the Industrial Commission's attention. Here, in agreement with the district court, we have found that (1) Mr. Dunlap's injuries were accidental; (2) at least some injuries arose from his employment; (3) Mr. Dunlap received his injuries during the course of his employment with Nestlé; and (4) at least some of these injuries (perhaps all) are compensable under the Illinois Workers' Compensation Act. Given these binding conclusions, we doubt that the Industrial Commission will have much to decide other than the amount of compensation owed to Mr. Dunlap.

While we recognize that the parties never created a detailed record in federal court and that the course of the proceedings left Nestlé in an awkward position, this situation easily could have been avoided. For example, Nestlé could have agreed to stay the federal proceedings until the Industrial Commission ruled on Mr. Dunlap's compensation claim, or Nestlé could have waived the statute of limitations for the Dunlaps' common law claims. We learned at oral argument that the Dunlaps offered, and Nestlé rejected, both of these solutions. At this point, we hope that the parties return to the Industrial Commission and conclude this case promptly. We AFFIRM the judgment of the district court.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*